CHESS LAMBERTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3988. Promulgated August 17, 1945.

*E. C. Fish, Esq.*, for the petitioner.
*William H. Best, Jr., Esq.*, for the respondent.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $23,766.56 in the petitioner's income tax for the calendar year 1941. The facts have been stipulated. The petitioner claimed on his return a deduction of $72,016, representing the full cost to him on 2,771 shares of common stock of the Lamberton National Bank of Franklin, Pennsylvania. The Commissioner, in determining the deficiency, reduced the basis for computing gain or loss on this stock from $72,016 to $53,216. The petitioner accepts this adjustment as correct, but contends that the entire amount of this basis is deductible as a loss under section 23 (e) of the Internal Revenue Code. The Commissioner, in determining the deficiency, allowed only one-half of the loss on the ground that it was a long term capital loss limited by the provision of section 117 of the code. The sole issue between the parties is whether the loss is deductible in full or only to the extent of one-half.

The petitioner is an individual who filed his income tax return for the calendar year 1941 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh.

The Lamberton National Bank was organized in 1899 by members of the Lamberton family. The petitioner became vice president and trust officer of the bank in 1919 and since then has been active in the affairs of the bank. He was elected president and trust officer in 1932 and continued in those positions until the bank was taken over by the Federal Deposit Insurance Corporation in December 1941 for the purpose of liquidating its assets. Twelve thousand five hundred shares of the stock of the bank were outstanding in 1941, of which the petitioner owned 2,771 shares. Most of the remaining shares were owned by persons related to the petitioner by blood or marriage. The common stock of the bank which the petitioner owned became entirely worthless in 1941.

The Commissioner recognizes that the petitioner sustained a loss that is deductible under section 23 (e), but he has held that it was a capital loss and, therefore, the deduction is limited to one-half of the loss under sections 23 (g) and 117. Section 23 (g) provides that the loss resulting from the worthlessness of a security which is a capital asset shall be considered a loss from the sale or exchange of a capital asset and limited to the extent provided in section 117. The petitioner's loss was due to the fact that securities (shares of stock in the bank) became worthless in 1941, and if those securities were capital assets the situation comes precisely within the provisions of section 23 (g).

The petitioner argues that "It is not necessary to determine whether

or not the stock of the Lamberton National Bank in the hands of the petitioner was a capital asset" because, in any event, the loss is deductible under section (e) and no consideration need be given to the provisions of (g), because (g) does not limit (e).

We think this argument is obviously unsound. Section 23 (e) allows an individual to deduct losses if incurred in a trade or business, or if incurred in any transaction entered into for profit though not connected with the trade or business. Subsection (g) imposes a limitation upon deductions otherwise allowable. Securities are seldom purchased except in a transaction entered into for profit, and securities acquired in a transaction entered into for profit which is not connected with the trade or business of the taxpayer are generally capital assets. Congress intended (g) to modify (e) in some instances, otherwise there would have been little purpose in limiting losses resulting from capital asset securities becoming worthless. *Smith* v. *Commissioner*, 142 Fed. (2d) 818, affirming on this issue memorandum opinion of the Tax Court; reversed on another issue, 324 U. S. 177. Thus, unless the securities here in question were not capital assets, they are subject to the limitation as determined by the Commissioner.

Section 117 (a) (1) provides:

The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (l).

The above definition is broad enough to include the stock here in question in the hands of this petitioner. The stock was property held by the petitioner, and, since it does not come under any of the exceptions, it is immaterial to determine whether or not or to what extent it was connected with his trade or business. Cf. *Burnet* v. *Clark*, 287 U. S. 410; *Vaughn* v. *Commissioner*, 85 Fed. (2d) 497, affirming 31 B. T. A. 548; certiorari denied, 299 U. S. 606; *Wade L. Street et al., Executors*, 26 B. T. A. 17; affd., 67 Fed. (2d) 1012; certiorari denied, 292 U. S. 637.

*Decision will be entered for the respondent.*