EUGENE HOUDRY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2834. Promulgated August 28, 1946.

*Vernon L. Stover, Esq.*, for the petitioner.
*William H. Best, Jr., Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge*: Only if the provisions of section 127, Internal Revenue Code, dealing with "war losses," [1] were intended to be exclusive can respondent's disallowance of the present claim be sustained, even

[1] As added by Revenue Act of 1942, section 156.

on his own contention. Petitioner lost his French citizenship in May 1941, as is stipulated, and his title to the French property in question a few weeks later, according to respondent's view of the facts. Based upon this hypothesis, and his interpretative regulation,[2] the claim has been disallowed because petitioner did not own the property when the United States entered the war in December 1941.

But the conceded loss of the property—its worthlessness due to expropriation—occurred in the one month or the other of the same year, 1941. If section 127 is applicable, it was on December 11, 1941, the day this country declared war on Germany, which was then in control of the locality where the property lay. *Robert E. Ford*, 6 T. C. 499. If not, the loss was sustained in May of the same year, under *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398, unless the doctrine of that case has been abrogated by the all-embracing intervention of the war loss provisions.

Certain aspects of the legislation do, indeed, lend themselves to that interpretation. For example, it is directed in paragraph (2) of subsection (a) that "Property * * * within an area under the control of any * * * country on the date war with such country was declared by the United States, shall be deemed to have been destroyed or seized on the date war with such country was declared by the United States," and (paragraph (3)) "Any interest in * * * property described in paragraph * * * (2) * * * which becomes worthless shall be considered to have been destroyed or seized (and the loss therefrom shall be considered a loss from the destruction or seizure) * * * on the date prescribed in paragraph (2) * * *."

If respondent is correct, however, there was no intention to have the legislation apply to losses occurring prior to December 7, 1941. So approached, the presumption of destruction on the date of American entry into the war is not irrebuttable, nor in fact applicable, if the facts show that the property had been destroyed or seized, even by a subsequent enemy, prior thereto. But that would merely mean that Congress intended no reference, affirmative or negative, to other losses. It may not be taken to show that a loss not covered by the section has, if otherwise deductible, been forbidden. Stated differently, the very scope attributed by respondent to the war loss treatment negatives any

---

[2] SEC. 29.127 (a)–1 [Regulations 111]. * * *

For property to be treated as resulting in a war loss, such property must be in existence on the date prescribed in section 127 (a) (2) * * * and for the taxpayer to claim a loss with respect to such property he must own such property or an interest therein at such time. If, before such time the property was destroyed or confiscated, section 127 is not applicable with respect to such property. For example, a taxpayer owned property in an enemy country before war was declared on such enemy by the United States, and such property was confiscated by the enemy before the date war was declared. The seizure was not in the course of military or naval activities. The taxpayer may not claim a war loss with respect to such property under section 127.

assumption that it was intended to be exclusive, or to apply as a bar to circumstances not embraced within its terms. And nothing in the remaining provisions or the legislative history indicates otherwise.

If, as a consequence, respondent's interpretation is correct, the loss is nevertheless deductible under general principles of long standing. Petitioner was not required to assume the risk of successful termination of the war and the possible restoration of the confiscated property. *United States* v. *White Dental Mfg. Co., supra.* We accordingly refrain from passing upon the precise applicability to the present facts of section 127, and find it sufficient to conclude that in any event the deduction should have been allowed. There is no suggestion that petitioner's status as a resident alien grants or subjects him to different treatment from that of a citizen. See Internal Revenue Code, sections 4, 211.

Petitioner appears to imply that some higher figure than that incorporated in his amended return should be fixed as the amount of the loss. Aside from questions of proof, and of confusion between basis and fair market value, the pleadings fail to raise the issue of the larger claim, and we can not consider it on this record. See *M. C. Parrish & Co.,* 3 T. C. 119; affd. (C. C. A., 5th Cir.), 147 Fed. (2d) 284. We have accordingly found the amount of loss to be that originally computed by petitioner.

Because of other issues now conceded,

*Decision will be entered under Rule 50.*