Leon Bloch v. Commissioner.
Bloch v. Commissioner
Docket No. 6398.
United States Tax Court
1947 Tax Ct. Memo LEXIS 234; 6 T.C.M. (CCH) 408; T.C.M. (RIA) 47101; April 23, 1947
*234 Petitioner claimed for 1941 a war loss of certain personal property he left in his apartment when he left Paris, France, in June 1940. Held, petitioner has failed to establish the factual premise upon which must be based his right to a war loss deduction under section 127, I.R.C.Ernest Adler, 8 T.C. 726 (Mar. 31, 1947), followed. Hyman L. Goldstein, Esq., and Samuel Gruberg, C.P.A., 60 Beaver St., New York 4, N. Y., for the petitioner. Henry C. Clark, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves an income tax deficiency for the year 1941 in the amount of $10,992.91. Petitioner claims overpayment in the amount *235 of $1,803.52. The issue is whether petitioner is entitled to a war loss deduction under section 127 of the Internal Revenue Code. Findings of Fact Petitioner is an individual residing in New York City. His income tax return for the period involved was filed with the collector of internal revenue for the third district of New York. Petitioner resided in New York City during the entire year 1941. He was a citizen of Switzerland. Petitioner left France in early June 1940. The Germans occupied Paris on June 13, 1940. At the time petitioner left France he occupied an apartment in Paris which contained furniture, objects of art, silverware, rugs, etc., which petitioner testified originally cost him approximately $55,441.20. After he left the apartment he had no personal knowledge of what happened to the personal property until he returned to the apartment in April 1946 and found items which had originally cost him $23,949.85. Petitioner has no knowledge as to what became of the balance of the property except that he had heard that the apartment had been occupied by the Germans. On his income tax return petitioner claimed a loss in the amount of $20,000, which the *236 respondent disallowed. Opinion Petitioner contends that he is entitled to the loss deduction solely under the provisions of section 127(a)(2) of the Internal Revenue Code. In order to prevail, petitioner must establish ownership of the property basing the loss and that it had not been seized or destroyed as of the date of its presumed seizure or destruction. Ernest Adler, 8 T.C. 726, (Mar. 31, 1947). We think this premise of fact has not been proved here. That distinguishes this case from Robert E. Ford, 6 T.C. 499, and Eugene Houdry, 7 T.C. 666, upon which petitioner relies. The only evidence as to the seizure or destruction of that portion of the property which was not in his Paris apartment when petitioner returned there in 1946 is that it had not been seized or destroyed in early June 1940. As to his property which petitioner found in his apartment when he returned to Paris in 1946 - two additional facts were established. This property had not been destroyed and was recovered by petitioner. But is it established that this property had not been seized before the critical date - December 11, 1941? We think not. *237 Less than two weeks after petitioner left his Paris apartment in June 1940 to go to the United States, the Germans occupied Paris. To presume that they did not seize and occupy such an apartment as that of petitioner with its art treasures for a year and a half or even for six months after the Paris occupation seems somewhat unreasonable. We find it unnecessary to consider respondent's additional contention that since petitioner was a national of Switzerland, a neutral country throughout the war, the provisions of section 127 of the Code are not applicable. Decision will be entered for the respondent.