Paul Saxl v. Commissioner.
Saxl v. Commissioner
Docket No. 7606.
United States Tax Court
1947 Tax Ct. Memo LEXIS 224; 6 T.C.M. (CCH) 454; T.C.M. (RIA) 47114; April 29, 1947
*224 For failure of proof, held: 1. Petitioner is not entitled to a loss deduction in 1941 under either section 127 (a) (2) or 23 (e) (3), I.R.C. Ernest Adler, 8 T.C. - (Mar. 31, 1947), followed. 2. Petitioner is not entitled to a dependent deduction on account of his mother who resided in Holland. Hyman L. Goldstein, Esq., and Samuel Gruberg, C.P.A., 60 Beaver St., New York 4, N. Y., for the petitioner. Sheldon V. Ekman, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income taxes for the calendar year 1941 in the amount of $66.95, and a claim for refund, filed by the petitioner, in the *225 amount of $643.29. The issues involved are: (1) whether petitioner is entitled to a claimed loss deduction of property in Austria, under sections 127 (a) (2) or 23 (e) (3) of the Internal Revenue Code; and (2) whether petitioner is entitled to a credit for a dependent. Findings of Fact Petitioner, an individual, resided in the United States in 1941. He filed his income tax return for the calendar year 1941 with the collector of internal revenue for the third district of New York. Petitioner, a member of the Jewish faith, was a citizen of Austria. On March 11, 1938, fearing the Nazis, he left Austria, went to Switzerland, thence to France, and in September 1938 came to this country where he acquired United States citizenship on June 12, 1944. On March 13, 1938, Austria was incorporated into the German Reich, and was under the control of the Germans throughout the taxable year 1941. In 1938, when petitioner left Austria, he was a silent partner of the firm of Gebruder Kanitz, a banking and brokerage firm in Vienna, Austria. At the time he left Austria in 1938 petitioner had a cash credit and certain securities on deposit with that brokerage firm. Petitioner *226 had no personal knowledge of the amount of the credit balance or the specific securities in December 1941. He did not withdraw any of the assets when he departed Austria and shortly thereafter the account was blocked. Petitioner has not returned to Austria since his departure in March 1938. In December 1941, the German mark was the equivalent of about 40 cents in United States currency. Petitioner, in 1938, brought his mother to Amsterdam, Holland. He deposited with the private banking firm of Rebholz Effektentantoon between 5,000 and 10,000 Dutch guilders for his mother to draw against for living expenses. In 1941 the Dutch guilder was the equivalent of about 50 cents in United States currency. On May 10, 1940, Holland was overrun by the German army. Petitioner has no knowledge of how much money was withdrawn from the Holland account he had established for his mother in the taxable year 1941. Opinion The first issue is whether petitioner is entitled to a tax refund on the basis of destruction or seizure of his property in Austria in the taxable year 1941 under either section 127(a)(2) or section 23(e)(3) of the Internal Revenue Code. To entitle the petitioner *227 to the benefit of the first mentioned section it must be established at least that he owned the property basing the disputed loss and that it had not been seized or destroyed as of December 11, 1941. To prevail under section 23(e)(3) it must appear at least that the loss occurred in the tax year 1941, and its amount. Petitioner, of course, in either event has the burden of proof in overcoming the presumption of correctness. We think he has failed in both. The petitioner was the only witness. He testified that he had no personal knowledge of the status of his account on December 11, 1941. He introduced a telegram and letters which he had received in 1946 from individuals in Austria respecting his account. These documents were received over respondent's objection, with a view of later evaluating them. They are evidence of the fact that petitioner received them. Proof of that fact, however, is not controlling here. We think they are of no probative value in establishing the factual premise necessary to support the petitioner's claim to relief under either of the sections cited above. Ernest Adler, 8 T.C. 726 (Mar. 31, 1947). That factual support distinguishes this case *228 from Robert E. Ford, 6 T.C. 499, and Eugene Houdry, 7 T.C. 666, upon which petitioner relies. The petitioner, we think, has failed to show he is entitled to any refund under either of the cited sections. Ernest Adler, supra. With respect to the remaining issue, as to whether petitioner was entitled to a dependent deduction for the support of his mother in Holland, the respondent is likewise sustained. There is nothing in this record establishing the fact upon which, in any event, that deduction must depend, i.e., that an actual contribution to such support was made in the taxable year. Decision will be entered for the respondent.