ESTATE OF WLADIMIR VON DATTAN, DECEASED, A. ANDRE GELINAS AND M. FRED THOMA, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33427. Filed June 30, 1954.

*Willard I. Shattuck, Jr., Esq.,* for the petitioners.
*James R. McGowan, Esq.,* for the respondent.

854

OPINION.

HARRON, *Judge:* A loss in 1945 is claimed under section 23 (e) (2) of the Code with respect to W. Von Dattan's property. The petitioners contend that since the improved real property at all times was held for the production of income, the alleged loss of Von Dattan's undivided interest therein was incurred in a transaction entered into for profit which is, therefore, deductible under section 23 (e) (2) of the Code. The petitioners rely chiefly on *United States* v. *S. S. White Dental Mfg. Co.*, 274 U. S. 398.

The respondent takes the position that the petitioners have failed to establish that Von Dattan sustained any loss in 1945. The respondent argues that section 23 (e) (2) contemplates the deduction only of losses which are fixed by identifiable events occurring in the year in which the loss is claimed, and that, assuming, *arguendo*, that Von Dattan recovered his interest in the Naumburg property in 1945, the fact that Naumburg was occupied by the Russians in the latter part

of 1945, in and of itself, is not an identifiable event sufficient to establish the claimed loss.

Von Dattan did not claim a war loss deduction under section 127 (a) (2) of the Code with respect to his interest in the Naumburg property in either his 1941 tax return or in the claim for refund which he filed for 1941. His return for 1941 disclosed net income of $3,268.94, and a tax due of $166.40. On November 4, 1946, he filed a claim for refund of the tax paid for 1941. The claim was timely since the taxpayer had been in the armed forces of the United States until November 1945. The claim was based on the alleged loss of the Naumburg property, and it contained the allegation that the property was destroyed by the Russian Army in 1945. Upon investigation of the claim for refund, the respondent's agent was advised by the taxpayer's representative that the property was not destroyed by the Russian Army, and that the real basis of the claim was that the property was located in the Russian occupied zone of Germany, and that, therefore, it was no longer subject to the taxpayer's control. In his 1945 tax return, Von Dattan claimed a casualty loss deduction in the amount of $13,500 with respect to the same property and on the same grounds as stated in his claim for refund for 1941.

Respondent denied the claim for refund for 1941 on the grounds that there was no change in the status of the property in that year. He disallowed the casualty loss deduction claimed by Von Dattan in his 1945 return for the reasons that the Naumburg property was not in fact destroyed in 1945, and that the taxpayer had not established that he had sustained any deductible loss with respect to the property in 1945.

The year 1941 is not before us, and we are not advised as to why the taxpayer did not claim a war loss deduction under section 127 (a) (2) of the Code with respect to the Naumburg property in 1941.

The petitioners base their claim for a deduction under section 23 (e) (2) of the Code upon the following: (1) They assume that Von Dattan's one-fifth interest in the Naumburg property is deemed to have been destroyed or seized in 1941 by virtue of the provisions of section 127 (a) (2) of the Code, as they apply to the underlying real property, when the United States declared war on Germany on December 11, 1941. (2) They allege that Von Dattan recovered his interest in the Naumburg property within the purview of section 127 (c) of the Code on April 19 or 20, 1945, when the American forces captured Naumburg, or, alternatively, on May 9, 1945, when hostilities in Europe ceased and an armistice was signed. (3) They allege that between July 1, 1945, and December 31, 1945, Von Dattan sustained a loss of his interest in the Naumburg property by reason of the withdrawal of the American forces from Naumburg and the occupation of that city by the Russian forces. (4) They assume that

Von Dattan's basis with respect to his undivided interest in the real property in July 1945 was $9,561.50. On this point they rely on a stipulation which is set forth in the Findings of Fact.

In considering the issue before us in this proceeding, we shall assume, *arguendo*, that the underlying real property is deemed to have been destroyed in 1941 on the date war was declared on Germany, and that, therefore, on that date in 1941, Von Dattan lost his undivided interest in the Naumburg real property. It is assumed, also, *arguendo*, that on December 11, 1941, Von Dattan still owned his interest in the real property. Cf. *Ernest Adler*, 8 T. C. 726, 731. See, also, *Andrew P. Solt*, 19 T. C. 183, 187, and cases cited therein.

The first question is whether Von Dattan recovered his property. In *Ervin Kenmore*, 18 T. C. 754, 758, affd. 205 F. 2d 90, we pointed out the significance of the difference in the wording of subsections (a) and (c) of section 127; that in subsection (c) of section 127 there is no provision to the effect that property, if in existence " 'shall be deemed to have been recovered' upon the happening of some event such as the recapture of the country in which the property was located or the end of hostilities with such country." In this case, applying the same reasoning, we cannot regard the capture of Naumburg by the American forces or the execution of the armistice agreement, as bringing about a restoration to Von Dattan of his property.

The petitioners rely upon *Andrew P. Solt, supra*, on the point that Von Dattan's representatives, acting on behalf of themselves and Von Dattan, "actually re-took possession and control" of the property. The facts here are less positive than they were in the *Solt* case. The petitioners argue that since prior to, during, and immediately subsequent to the period of hostilities, the Naumburg property was rented and managed by the Hallescher Bank acting as agent for Von Dattan and the other coowners, it is not necessary for the petitioners to establish any overt act on the part of the owners' symbolic recovery. Petitioners rely on the language of the Court of Appeals in *Kenmore* v. *Commissioner, supra*. We need not decide whether petitioners' argument is sound for the reasons set forth hereinafter. We can assume, *arguendo*, that the owners of the Naumburg property, on behalf of themselves and of Von Dattan, recovered the property in April or May 1945.

The narrow question which must be decided is whether petitioners have proved that thereafter, in 1945, Von Dattan lost his interest in the property. Petitioners contend that he did, for all practical purposes, between July 1 and December 31, 1945, by reason of the withdrawal of the American forces and the occupation of Naumburg by the Russians. The petitioners argue that those facts constitute "identifiable events" which establish the alleged loss adequately for purposes of section 23 (e) (2). They rely upon *United States* v. *S. S.*

*White Dental Mfg. Co., supra*, and *Helvering* v. *Gordon*, 134 F. 2d 685, affirming 46 B. T. A. 1201. Also, they argue that even though, as late as February 26, 1947, title to the Naumburg property was still listed in the Register of Real Estate in Naumburg-Saale in the name of "George Von Dattan, for himself and the Sisters and Brothers Dattan" as evidenced by the affidavit of W. Von Dattan's two sisters, the mere retention of legal title does not preclude the taking of a loss deduction, if the worthlessness of the property is otherwise satisfactorily established.

In the *Solt* case, *supra*, we said:

Moreover, we are also convinced that the property thus recovered was confiscated shortly thereafter by the Provisional National Government of Hungary, on March 15, 1945, * * *

In this case, there is no corresponding fact. We have no evidence here that the Russian occupation officials seized or confiscated the property in Naumburg at any time in 1945, or thereafter. We cannot conclude that the occupation of Naumburg by the Russians in 1945 in and of itself operated to bring about a loss of the property, or rendered the property valueless.

We agree with the petitioners, of course, that it is well settled that divesture of legal title to property is not essential to the allowance of a loss deduction if, in fact, the worthlessness of the property has been otherwise satisfactorily demonstrated. See *Helvering* v. *Gordon*, *supra*, and cases therein cited.

If we assume, as petitioners want us to do, that there was a recovery of the property in question in 1945, we must next look for evidence of an identifiable event which establishes the subsequent loss in 1945. There is no statutory presumption, such as that provided by section 127 (a) (2), to aid petitioners. Petitioners do not have the assistance, under this question, of section 127 (a) (2), the provisions of which provide relaxation of the burden of proof rule. To date, there is no statutory provision similar to section 127 (a) (2) under which property located in a zone of Russian occupation is *deemed* to have been lost.

After the Russian occupation of Naumburg, as before, the Naumburg property continued to be managed by the bank. The property is in existence. There are several possibilities about Von Dattan's interest in the property. One is that the underlying real property could have been sold, or Von Dattan's interest therein could have been sold. There is no proof in this case that Von Dattan in 1945 could not have made a good claim to recover the value of his interest in such event after the Russian occupation; or that even now, Von Dattan's estate could not make such claim in such event.

The fact that Von Dattan did not have access in 1945 to any sums credited to his account at the Hallescher Bank, and the fact that the Landeskreditbank which at the direction of the Russian occupation

authorities took over the business and affairs of the Hallescher Bank are not significant. Due to currency restrictions which have been in effect in Germany since 1930, Van Dattan did not, for many years prior to 1945, receive any income from the Naumburg property. The "blocking" of a bank account of an American citizen does not, in and of itself, prove that a loss is sustained. Cf. *International Mortgage & Investment Corporation*, 36 B. T. A. 187, 191.

We have carefully considered the evidence and record before us and conclude that the petitioners have failed to establish the occurrence of any identifiable event in the year 1945 which established the loss of the interest of Von Dattan in the Naumburg property, or rendered it valueless. Deductions are a matter of legislative grace and statutory provisions allowing deductions must be carefully applied. Petitioners have the burden of proving facts which bring the alleged loss within section 23 (e) (2). *Ervin Kenmore, supra*, p. 761.

It is held that the petitioners have failed to establish that Von Dattan sustained any loss in 1945 with respect to his undivided interest in the Naumburg property within section 23 (e) (2). Because of this holding, it is unnecessary to consider a further contention of the respondent that petitioners have failed to prove the amount of Von Dattan's basis in 1945 for the computation of the amount of the alleged loss. We need not decide whether petitioners have established the amount of the alleged loss.

*Decision will be entered for the respondent.*