GEORGE ERES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29800.   Filed October 6, 1954.

*Werner Galleski, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

**OPINION.**

HARRON, *Judge:* Petitioner's interest in his stock in Ris, a Yugoslav corporation, was deemed to have been destroyed or seized, pursuant to section 127 (a) (2) of the Internal Revenue Code of 1939, on December 11, 1941, when war was declared between the United States and Germany, whose forces then occupied Yugoslavia.

Petitioner contends that there was a recovery of his stock in 1945, brought about through his representative, Green, and that thereafter, in December of 1945, the Government of Yugoslavia, without compensation, confiscated his stock. Petitioner relies primarily upon *Andrew P. Solt*, 19 T. C. 183. Petitioner claims a loss deduction under section 23 (e) of the Internal Revenue Code of 1939 of the entire basis of his stock.

We are satisfied from the evidence that there was a recovery of the petitioner's interest in stock of Ris corporation in 1945 within the meaning of section 127 (c) through actions of Ris corporation which were brought about by Green acting for petitioner. The evidence in support of this conclusion is of about the same type and degree as in the *Solt* case, and, therefore, petitioner is entitled to a ruling in his favor on this point.

However, a determination that petitioner sustained a loss in 1945, after the recovery, is dependent upon a finding that there was a confiscation of petitioner's stock in 1945. We do not have the proof of governmental confiscation in this case such as was present in the *Solt* case where it was established that there was a confiscation through the issuance of a governmental decree. The petitioner has failed to prove that his interest in Ris corporation was taken from him by an act or decree of the Yugoslav Government which was in power at the end of 1945.

Petitioner, through a witness, attempted to establish that he sustained loss of his property interest in 1945 as a result of governmental confiscation, but the witness upon whom petitioner relied failed to establish the necessary facts. He gave testimony of a general nature about the establishment of a provisional government in Yugoslavia after its liberation, and about the government's appointment of "commissars" in industrial enterprises. He also testified that a law of

4

nationalization of industrial property was not enacted until 1946, and he admitted, upon cross-examination, that in 1945 not all industrial properties were taken or confiscated by the Yugoslav Government.

Since there is not proof that Ris corporation was taken by act of the Yugoslav Government in 1945 or that the Yugoslav Government in 1945 by decree or act deprived petitioner of his stock in Ris corporation, petitioner's claim for a loss deduction under section 23 (e) must be denied. Cf. *Estate of Wladimir Von Dattan*, 22 T. C. 850; *Erwin de Reitzes-Marienwert*, 21 T. C. 846; and *Chess Lamberton*, 5 T. C. 600.

Consideration has been given also to the applicability of *United States* v. *S. S. White Dental Mfg. Co.*, 274 U. S. 398, but petitioner's lack of proof of seizure of the Ris corporation stock deprives him of the support of the *White Dental Mfg. Co.* case.

The respondent's determination is sustained.

*Decision will be entered for the respondent.*