George Spitzer v. Commissioner.
Spitzer v. Commissioner
Docket No. 72352.
United States Tax Court
T.C. Memo 1959-171; 1959 Tax Ct. Memo LEXIS 80; 18 T.C.M. (CCH) 743; T.C.M. (RIA) 59171; August 28, 1959
Ralph A. Taylor, Esq., 68 Post Street, San Francisco, Calif., for the petitioner. Leslie T. Jones, Jr., Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $875.91 in the income tax of the petitioner George Spitzer for 1955. It resulted from the disallowance of a deduction of $16,646.13 for which he gave the following explanation: "(a) You claimed and deducted in the *81 computation of your net income for the taxable year ended December 31, 1955, a loss of $16,646.13 from involuntary conversion under the provisions of Section 1231, Internal Revenue Code of 1954. It is claimed that said loss represents the difference between (1) the gross amount of $53,218.77 awarded you by the Foreign Claims Settlement Commission for your assets or claim of right to assets located in and nationalized or otherwise taken by the Government of Yugsolavia between 1946 and 1948, and (2) the net receipt anticipated of $36,572.64. "It is held that you have failed to establish that any deductible loss from this transaction was sustained in the year 1955, or the amount of loss, if any loss was sustained by you; it is further held that since the property in question was nationalized or otherwise taken by the Government of Yugoslavia in the years 1946 to 1948, any allowable loss would have been deductible in a year or years prior to 1959. The only issue for decision is whether that action of the Commissioner was in error. The case was set for trial at San Francisco on June 15, 1959, at which time the only evidence introduced was in the form of a stipulation *82 of facts as follows: "1. Petitioner is an individual income taxpayer residing in San Francisco, California, who filed his income tax return for the year 1955 with the District Director of Internal Revenue, San Francisco. A photostatic copy of petitioner's 1955 income tax return is attached as Exhibit A. "2. On December 29, 1954, petitioner was given a financial award by the Foreign Claims Settlement Commission of the United States in the amount of $53,218.77. In the year 1955 petitioner received $36,572.64 under the above decision which represented the total due less various deductions. A photostatic copy of the final decision of the Foreign Claims Settlement Commission is attached as Exhibit B." The petitioner on his return, under Schedule D, claimed a loss of $16,646.13, from the sale or exchange of property other than capital assets and attached to the return a statement and computation as follows: Losses in Jugoslavia by Seizure refers to the Novisad Porcelain Manufacture, a Jugoslave corporation, owned by the taxpayer since 1942 and seized by the Government of Jugoslavia. The taxpayer received an award by the Foreign Claims Settlement Commission of the United States, *83 Washington, D.C., in accordance with Public Law 455 - 81st Congress, approved March 10, 1950. However, the taxpayer sustained a loss according to Sec. 1231 of the Internal Revenue Code of 1954, which is claimed below. No business income was reported, because the earnings were ruled in favor of the "Peoples Committee" by the Government of Jugoslavia. The amount awarded by the Foreign Claims Settlement Commission was considered the basis of the property seized. Appropriation: 20X8819 Jugoslav
Claims Fund, U.S. Treasury
Dept. Final Award
$53,218.77
Distribution authorized by the Sec-
retary of the Treasury Dept. 80%
of $53,218.77
$41,775.02
Plus payment under priority No. 2
1,000.00
$42,775.02
Less 5% deduction by the U.S.
Treasury Dept.
2,138.75
$40,636.27
Less 10% attorney fee
4,063.63
Amount to be realized from seized
property
$36,572.64
Resume: Award by the Foreign Claims
Settlement Commission of the
U.S. Treasury Dept., Washing-
ton, D.C.
Final Decision attached
$53,218.77
Anticipated Receipt minus deduc-
tions
36,572.64
Loss under Sec. 1231 of the I.R.C.
of 1954
$16,646.13
It is stated in the final *84 decision of the Foreign Claims Settlement Commission of the United States dated December 29, 1954, that the Commission issued a proposed decision on October 29, 1954, awarding George Spitzer $31,396.18, plus interest in the amount of $1,232.62; an objection was made thereto and fully considered; but the Commission believes "that the amount for the realty, as found in the Proposed Decision, was correct, and the Proposed Decision in that respect is affirmed." The decision then recites the substance of documents submitted on behalf of George at a hearing and on the basis of the evidence states one-half of the shares of Fabrika Porculana I Majolike, A.D. were inherited by George from his sister and "were his property on the date the factory was taken, December 31, 1946." It also recites that the Government of Yugoslavia filed an appraisal as to the value of the factory (including building and lot, furnaces, machines, installations, models and tools), made pursuant to court order "which finds its value, based on the market value as of 1938" to be 1,920,387.80 dinars. "The Commission concluded: "* * * Claimant's one-half interest * * * [in the property of the corporation] was 960,194 *85 dinars, or $21,822.59, * converted at the rate of 44 dinars to $1, and interest thereon at 6% per annum from December 31, 1946, the date of taking, to August 21, 1948, the date of payment by the Government of Yugoslavia, amounts to $2,145.18. * "* For the Commission's reasons for use of 1938 valuations, use of exchange rate of 44 to 1, and the allowance of interest, see attached copy of its decision in the claim of Joseph Senser." The present record does not contain any copy of the decision in the Senser claim. The final paragraph of the decision is as follows: "Accordingly, in full and final disposition of this claim, an award is hereby made to George Spitzer, claimant, in the amount of $53,218.77, plus interest in the amount of $3,377.80." George stated in his return that he had owned the property since 1942 and the Commission concluded that he inherited it from his sister in 1942. A taxpayer's basis for inherited property is its fair market value at the time of the death of the decedent from whom the property was inherited. Section 1014, I.R.C. 1954. The evidence here does not show what the fair market value of the property in question was at the *86 time George inherited it from his sister. The Foreign Claims Settlement Commission did not determine for income tax purposes what the fair market value of the property in question was at the date of the death of George's sister. It determined a value only for the purpose of the award it was making and the value it determined was based in some undisclosed way upon 1938 fair market value which might have been and probably was quite different from the value at the time the owners were massacred. The fair market value of this property might very well have fluctuated from the effect of war conditions. The Court is in no position to speculate from the present record what George's basis on this property for income tax purposes might be. The amount of $53,218.77 is apparently the sum of $31,396.18 awarded George for land by affirmance of the proposed decision of October 29, 1954 and $21,822.59 awarded by the final decision of December 29, 1954 for something other than land. If any of the award was for property other than the shares of stock, then the record does not show how or when it was acquired and other essential information. The only property here identified consisted of shares *87 representing a one-half interest in a corporation which owned land, a factory building and equipment. George claims that his basis for loss was $53,218.77 and his amount realized was $36,572.64. However, he cites no provision of the statute in support of that contention as to basis and obviously the contention is without merit. His loss resulted from the taking of his property by Yugoslavia in 1946. If there was no reasonable expectation of compensation of any kind for the taking, he would have been entitled to deduct his entire basis for the property on his United States income tax return for some year long prior to 1955. See section 127, I.R.C. 1939, and Eugene Houdry, 7 T.C. 666; Abraham Albert Andriesse, 12 T.C. 907. The evidence does not show that there was any expectation of recovery at the time the property was seized by Yugoslavia. Neither does the evidence show how or when any expectation of recovery developed. The record does not show why the payment received was less than the award. The stipulation is that the amount received "represented the total due less various deductions." It is clear, however, that George did not get any new basis for loss *88 on the property at the time of the decision of the Commission determining an award to him in the amount of $53,218.77. The evidence in the case is not sufficient to overcome the presumption of correctness of the Commissioner's determination to the effect that George's loss, if any, did not occur in 1955 but occurred in some prior year. Decision will be entered for the Commissioner.