Charles K. Richter and Teresa Richter v. Commissioner.
Richter v. Commissioner
Docket No. 4340-63.
United States Tax Court
T.C. Memo 1965-88; 1965 Tax Ct. Memo LEXIS 240; 24 T.C.M. (CCH) 461; T.C.M. (RIA) 65088; April 8, 1965
*240 Held, that the petitioners have not shown that the respondent erred in disallowing a deduction claimed by them as a loss from the confiscation of property by the Czechoslovakian government. John F. Miller, Jr., 3056 Chestnut St., N.W., Washington, D.C., for the petitioners. Herbert A. Seidman, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax of $2,820.27 for the taxable year 1960. The only question presented is whether the petitioners are entitled to deduct a loss *241 of $20,000 claimed to have been sustained as a result of seizure of property by the Czechoslovakian government. Findings of Fact Most of the facts have been stipulated and the stipulation is incorporated herein by this reference. The petitioners, husband and wife, filed a joint income tax return for the taxable year 1960 with the district director of internal revenue at Hartford, Connecticut. Hereinafter Teresa Richter will be referred to as the petitioner. The petitioner was born in Budapest, Hungary, on May 5, 1915. Her parents were Dr. Richard Schlesinger and Mrs. Alice Schwitzer Schlesinger. She resided with her parents in Lapasski Darmoty, Slovakia, until her marriage to Charles K. Richter on November 10, 1936. Thereafter she resided with her husband in Nitra, Slovakia. On March 7, 1939, the petitioners left Slovakia and emigrated to Canada. They have never since revisited, or resided or lived in, Slovakia (or Czechoslovakia). They have been citizens of the United States for a number of years. Petitioner is the niece of Ludovit and Anna Schwitzer, both of whom died during the year 1944. Petitioner's mother died on February 2, 1942, and her father died in 1944. In *242 1945 the government of Czechoslovakia instituted a broad nationalization and confiscation program. By virtue of Section 7 of Law 41/53 Sb. effective June 1, 1953, such government annulled bank accounts and savings accounts which had been made on or prior to November 15, 1945 in old currency. Life insurance policies were put upon the same basis as bank accounts and the proceeds (cash value) thereof as of December 31, 1945 in "old crowns" were placed in blocked accounts. These blocked accounts were later annulled as of June 1, 1953, by Law 41/53 Sb. Under Czechoslovakian Agrarian Reform Act No. 46/1948 Sb., farm, meadow, and forest land in excess of 50 hectares (approximately 124 acres) and farm, meadow, and forest land which was not tilled by the owners was expropriated by the State. Livestock and equipment situated upon or used in conjunction with the land were also expropriated under that act. The German government confiscated all land, bank accounts, and insurance proceeds located in Czechoslovakia during the German occupation of Czechoslovakia during World War II. At some undisclosed time the petitioner filed a claim with the Foreign Claims Settlement Commission of the United *243 States. In the joint income tax return filed for the taxable year 1960, the petitioner claimed a deduction of $20,000 as a casualty loss under section 165 of the Internal Revenue Code of 1954. In a statement attached to the return explaining the deduction it was asserted that the petitioner filed with the Foreign Claims Settlement Commission under Pub. L. 85-604 (72 Stat. 527) a claim for $791,720 for the confiscation, without compensation, of her properties located in Czechoslovakia consisting, among other things, of land and buildings, cattle, agricultural machinery, a bank deposit, and a life insurance policy; that although the Foreign Claims Settlement Commission on August 9, 1960, tentatively proposed to disallow the claim, the case has been reopened and is being actively prosecuted with a view of establishing ownership of the properties seized by the Czechoslovakian government; that even if the claim is allowed by the Foreign Claims Settlement Commission in the full amount of $791,720 and certified to the United States Treasury for payment, full recovery will not be had for the reason that there have been filed claims aggregating approximately $300,000,000 *244 while the Congress has appropriated a net amount of only $8,500,000 for payment of claims; and that, as a result of the seizure of her properties, she suffered a casualty loss, under section 165 of the Code, in excess of $20,000 in each of the calendar years 1957, 1958, 1959, and 1960 for which she will not be compensated under Pub. L. 85-604. In the notice of deficiency the respondent disallowed the claimed deduction of $20,000, stating "You did not establish this loss, or any portion thereof, as allowable under section 165, or any other section, of the Internal Revenue Code." Opinion A taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms. New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435. And when the respondent has disallowed a deduction, his determination has the support of a presumption of correctness and the petitioner has the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111. Here the deduction of $20,000 was claimed by the petitioners as a casualty loss under section 165 of the Internal Revenue Code of 1954. [1] At the outset, it should *245 be pointed out that we have heretofore held that the confiscation of property by a foreign government, acting under color of legal authority, does not give rise to a casualty or theft deduction under section 165(c). William J. Powers, 36 T.C. 1191. Nor have the petitioners established that they are entitled to a deduction under any other provision of section 165 or any other section of the Code. *246 While, in a statement attached to the return, the petitioner describes in a general way the property which she claimed she owned in Czechoslovakia and which she claimed was seized by the Czechoslovakian government, no proof was adduced at the hearing to establish her ownership thereof. We appreciate the difficulty in proving ownership in a case of this nature, but, nevertheless, in the absence of such proof the petitioner has failed to show one of the essential elements necessary to the allowance of a deduction. See Ernest Adler, 8 T.C. 726. In addition, it is to be noted that under section 165 the basis for determining the amount of a deduction is the adjusted basis of the property. Even if the petitioner had established her ownership of the property, it would have been necessary for her to establish the adjusted basis thereof, which she has not done. Another prerequisite to the establishment of a right to a loss deduction under section 165 is a showing that any loss was incurred in a trade or business or in a transaction entered into for profit. There is no evidence in the record in this regard. Finally, it should be pointed out that losses are deductible in the *247 year in which some identifiable event occurs which fixes the loss. There is no evidence to show that any loss which may have been sustained was sustained in the taxable year 1960. See Estate of Wladimir Von Dattan, 22 T.C. 850. We hold that the petitioners have failed to show error in the respondent's disallowance of the claimed deduction. Decision will be entered for the respondent. Footnotes
1. Section 165 of the Code provides in part as follows: (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *↩