Edward T. and Isabel J. LYSEK, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 76–2078.

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1978.

---

Earl G. Stokes (argued) of Stokes, Clayton & McKenzie, San Francisco, Cal., for petitioners.

Ann Belanger, Durney (argued), U. S. Dept. of Justice, Washington, D. C., for respondent.

Before BARNES, TRASK and HUG, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal by Edward T. Lysek and Isabel J. Lysek (taxpayers) from an order and decision of the Tax Court that there are deficiencies in income tax due from taxpayers as well as additions to tax due for the years 1964, 1965, and 1966. After exhaustion of preliminary procedures, the matter was tried by the Tax Court following which that court entered its memorandum findings of fact and opinion, reported at T.C.M. (P.H.) ¶ 75,293 (1975). A timely notice of appeal was filed and the matter is before us pursuant to section 7482 of the Internal Revenue Code of 1954.

Taxpayer Edward T. Lysek is a medical doctor and surgeon who practiced in Fort Bragg, Mendocino County, California, during the years at issue, and taxpayer Isabel J. Lysek is Dr. Lysek's wife. The Commissioner determined that taxpayers' returns for 1964, 1965, and 1966 did not correctly reflect income because certain deductions were overstated, business expenses claimed were unsubstantiated, and depreciation for buildings and improvements was excessive. The Commissioner further determined that the underpayment of tax resulted from tax-payers' negligence or intentional disregard of rules and regulations and upon that basis added to the tax due an amount equal to five percent of the underpayment as provided in section 6653(a) of the Internal Revenue Code of 1954.

After the Commissioner issued a notice of deficiency, the taxpayers, acting *pro se*, filed a vague and rambling petition for redetermination of tax in the Tax Court.[1] In violation of Rule 7, Rules of Practice, United States Tax Court (Rev. 1958, 1971 ed.), the petition did not specify any particular errors committed by the Commissioner; rather, it merely contained generalized allegations of discrimination and arbitrary action on the part of Internal Revenue Service officials. The taxpayers refused to meet with Internal Revenue Service representatives before trial for the purpose of identifying the issues in dispute. As a result, the points in controversy remained murky throughout the three-day trial,[2] at which over 750 pages of testimony were introduced.

At trial the taxpayers put into evidence a large number of checks in order to substantiate the various categories of business expense deductions listed on their returns. With respect to certain categories of deductions,[3] the checks exceeded the amounts claimed for such categories on taxpayers' returns. Taxpayers asked the Tax Court to take these additional, but theretofore unreported, expenses into account in determining their overall income tax liability for the years in question. In an attempt to clarify the taxpayers' legal contentions, at the conclusion of the trial the court explained that it could not even consider allowing deductions in excess of the amounts claimed in the returns unless the taxpayers amended their pleading to conform to the proof. Taxpayers were thereupon allowed 60 days to file the necessary amendments,[4] but they

---

1. The petition was filed on November 20, 1968.

2. The trial was held on May 24, 25, and 26, 1971.

3. Supplies (1964); interest (1964); legal and professional fees (1965); office expenses (1965); taxes (1966); legal and professional expenses (1966); and machine hire (1966).

4. The court advised taxpayers that it would entertain a motion to amend the pleadings pursuant to Rule 17(d), Rules of Practice, United

failed to do so. Accordingly, the Tax Court held that the issue of whether the taxpayers were entitled to additional deductions beyond those specified in their original returns was not properly before it, and the taxpayers would be deemed to have abandoned such claims. Taxpayers, who finally retained counsel at the appellate stage of these proceedings, argue that this ruling was erroneous.

■ Under the Rules of Practice in force at the time of trial, the Tax Court's ruling concerning the consequences of taxpayers' failure to amend their pleading was clearly correct. Rule 17(c)(3) authorizes imposition of such a penalty. *See* n. 4 *supra*. Moreover, the court's refusal to decide issues that were not pleaded in the taxpayers' petition is well supported by authority. *See Richard E. Kosikowski*, T.C.M. (P.H.) ¶ 70,-289 (1970); *Eugene Houdry*, 7 T.C. 666 (1946); *M. C. Parrish & Co.*, 3 T.C. 119 (1944), *aff'd on other grounds*, 147 F.2d 284 (5th Cir. 1945).

■ Taxpayers argue, however, that the revised Rules of Practice and Procedure which went into effect on January 1, 1974, not those in force at the time of trial, should govern this case. They base their argument on the fact that the Tax Court's memorandum findings of fact and opinion were not entered until September 22, 1975. They point to Rule 2 of the 1974 revision, which states that the new Rules "will take effect on January 1, 1974," and will "govern all proceedings and cases commenced after they take effect, and also all further proceedings in cases then pending" with a few exceptions not relevant here. Contending that the Tax Court's entry of judgment in 1975 was a "further proceeding" in a case pending on January 1, 1974, taxpayers argue that new Rule 41 rather than old Rule 17 controls the procedure for amending pleadings.

Taxpayers correctly point out that under Rule 41(b)(1), Rules of Practice and Procedure, United States Tax Court (Rev. 1974), an issue which is tried by consent of the parties is entitled to be treated as if it had been raised in the pleadings, and failure to amend is not a waiver of the issue.[5] They

States Tax Court (Rev. 1958, 1971 ed.), which provides:

> "(d) *To conform pleadings to proof.*—The Court may at any time during the course of the trial grant a motion of either party to amend its pleadings to conform to the proof in particulars stated at the time by the moving party. The amendment or amended pleadings thus permitted, shall be filed with the Court at the trial or shall be filed in the office of the Clerk of the Court in Washington, D.C. within such time as the Court may fix."

The court so advised taxpayers in response to the Commissioner's request for an opportunity to file an answer to the vague claims which had been raised for the first time at trial. The court later ordered taxpayers to state with particularity all matters which they wished the court to decide and warned them that if they failed to do so within 60 days, the court would consider their claims to have been abandoned. In issuing this directive, the court acted in conformity with Rule 17(c), Rules of Practice, United States Tax Court (Rev. 1958, 1971 ed.), which provides:

> "(c) *Amendment ordered.*—
> "(1) *Occasion for.*—The Court upon its own motion, or upon motion of either party showing good cause filed prior to the setting of the case for trial, may order a party to file

a further and better statement of the nature of his claim, of his defense, or of any matter stated in any pleading. Such a motion filed by a party shall point out the defects complained of and the details desired.

> "(2) *Consideration of such motion.*—The Court, in its discretion, may set such a motion for hearing (see Rule 27(a)) or may act upon it *ex parte.*

> "(3) *Penalty for failure to amend.*—The Court may strike the pleadings to which the motion was directed or make such other order as it deems just, if an order of the Court to file amended pleadings hereunder is not obeyed within 15 days of the date of the service of said order or within such other time as the Court may fix."

5. "RULE 41. *Amended and Supplemental Pleadings.*

> . . . . .

> "(b) *Amendments to Conform to the Evidence.*—(1) *Issues Tried by Consent.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. The Court, upon motion of any party at any time, may allow such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues; but failure

contend that the Commissioner impliedly consented to trial of any and all issues by failing to object when taxpayers put their boxes of checks into evidence. Therefore, they maintain, the Tax Court should have adjudicated these issues without requiring them to be formally pleaded.

The taxpayers' argument is ingenious and not without force. The Tax Court itself purported to rely on revised Rule 41 in rendering its decision, although the court had invoked old Rule 17 at trial. However, we need not decide whether the old or the new Rules govern this case, since the result is the same either way. If old Rule 17 applies, the Tax Court's holding regarding taxpayers' abandonment of their claim to additional deductions must be affirmed for the reasons set forth above. And if revised Rule 41 controls, the decision must likewise be affirmed because (a) the taxpayers' consent argument rests on a false factual premise; and (b) under revised Rules 41 and 51 the Tax Court possesses substantially the same powers with respect to a party's failure to obey an order to state his claim clearly as it had under old Rule 17.

The record clearly shows that the Commissioner did not expressly or impliedly consent to try any and all issues that unfolded as the taxpayers emptied their boxes of cancelled checks before the Tax Court. At the end of the trial, neither the Commissioner's counsel nor the court were able to discern with anything approaching certainty what issues the taxpayers wished to adjudicate. Only by sifting through the lengthy transcript long after the trial was over was the court able to divine the outlines of the taxpayers' legal theories. Obviously counsel for the Commissioner never consented to try the issue of additional deductions without benefit of pleadings, for if he had he certainly would not have asked the court to order amendment of the pleadings at the end of the trial. Since Rule 41(b)(1)'s consent provision does not apply under the facts of this case, we must look elsewhere in the new Rules for guidance (assuming, arguendo, that the 1974 revised Rules control).

 The 1974 revision did not materially alter the substantive powers formerly granted to the Tax Court under old Rule 17. Rather, the revision simply reassigned the principal Rule 17 powers to new Rules 41 and 51. Rule 41(a),[6] like old Rule 17(d), empowers the Tax Court to grant leave to amend pleadings, and Rule 41(b)(3),[7] like old Rule 17(d), authorizes the court to specify time limits for filing such amendments. Rule 41 contains no penalty provision for failing to amend one's pleadings, unlike old Rule 17(c)(3). However, revised Rule 51(b) does incorporate the penalty provisions of old Rule 17(c)(3). Rule 51[8] seems directly

---

to amend does not affect the result of the trial of these issues."

**6.** "RULE 41. *Amended and Supplemental Pleadings.*—(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires. No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. A motion for leave to amend a pleading shall state the reasons for the amend-

ment and shall be accompanied by the proposed amendment. . . ."

**7.** "RULE 41. *Amended and Supplemental Pleadings.*

"(b) *Amendments to Conform to the Evidence.*

"(3) *Filing.* The amendment or amended pleadings permitted under this paragraph (b) shall be filed with the Court at the trial or shall be filed with the Clerk at Washington, D. C., within such time as the Court may fix."

**8.** "RULE 51. *Motion for More Definite Statement.*—(a) *General.* If a pleading to which a responsive pleading is permitted or required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive

apposite to this case. When the Tax Court ordered the taxpayers to amend their pleading, it did so in response to the Commissioner's desire to frame an answer to the issues taxpayers had sought to raise at trial. In essence, the Commissioner moved for a more definite statement of taxpayers' claims, the kind of motion now governed by revised Rule 51(a). We have already noted that the court's order was proper under old Rule 17(c)(1). *See* n. 4 *supra.* Since revised Rule 51(a) is the successor provision to Rule 17(c)(1), *see* Official Note following Rule 51(a), it follows that the order was proper under the revised Rule. And by the same logic, since the penalty imposed under old Rule 17(c)(3) for failure to amend was proper, it necessarily follows that the same penalty is authorized by its successor provision, revised Rule 51(b). *See* Official Note following Rule 51(b).

In summary, we hold that regardless of which set of Rules governs this case, the Tax Court did not err in ruling that taxpayers waived their claim to deductions in excess of those claimed in their returns by virtue of their failure to amend their pleading. Our reading of the record convinces us that the Commissioner and the Tax Court did not insist on an unreasonable degree of formality in the pleadings. They rightly believed that clarification of the points in dispute would greatly facilitate a fair adjudication of the taxpayers' claims. Taxpayers were told, in terms clearly understandable by laymen, that they needed to state their contentions with greater specificity, and they were afforded ample time to comply. Having disobeyed the court's express instructions, taxpayers cannot now justly claim that they were defeated by arcane legal technicalities.

With respect to certain other categories for which additional deductions were sought,[9] the Tax Court held that the taxpayers failed to sustain their burden of proof. "Unquestionably the burden of proof is on the taxpayer to show that the commissioner's determination is invalid." *Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935). *See also Cohen v. Commissioner of Internal Revenue,* 266 F.2d 5, 11 (9th Cir. 1959), wherein this court stated that:

> "At the outset of a Tax Court proceeding to redetermine a tax deficiency, the Commissioner's determination is presumed to be correct. . . . The burden of proof is thus placed upon the taxpayer to show that the Commissioner's determination is invalid."

We conclude that the Tax Court's holding was not clearly erroneous.

The taxpayers' next contention is that the Commissioner and the Tax Court incorrectly allocated the basis of taxpayers' real property between land and improvements for purposes of computing allowable deductions for depreciation. Section 167(a) of the Internal Revenue Code of 1954[10] permits a deduction for wear and tear of property used in the taxpayer's "trade or business" or held "for the production of income." The burden of proving the value attributable to a particular asset is upon the taxpayer. *Blackstone Realty Co. v. Commissioner of Internal Revenue,* 398 F.2d 991, 996–97 (5th Cir. 1968). Where the Commissioner has made an allocation for the purpose of computing depreciation, the allocation is presumptively correct, and the

pleading. The motion shall point out the defects complained of and the details desired.
. . .

"(b) *Penalty for Failure of Response.* The Court may strike the pleading to which the motion is directed or may make such other order as it deems just, if the required response is not made within such period as the Court may direct."

9. Promotion (1964); taxes (1965); interest (1965); entertainment (1965); and travel and promotion (1966).

10. "Sec. 167. *Depreciation.*
"(a) *General rule.*—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—
"(1) of property used in the trade or business, or
"(2) of property held for the production of income."

taxpayer has the "heavy burden of proving that the Commissioner's action was plainly arbitrary." *Lucas v. Structural Steel Co.,* 281 U.S. 264, 271, 50 S.Ct. 263, 266, 74 L.Ed. 848 (1930). The taxpayers made no such showing. We hold that the allocation made by the Commissioner and approved by the Tax Court was not clearly erroneous.

■ Finally, taxpayers argue that the Tax Court committed error in assessing penalties under section 6653(a) of the Internal Revenue Code of 1954.[11] Justification for the penalty assessment abounds. In no category of deductions for any year did the sum of checks offered to substantiate the deductions equal the amount claimed on taxpayers' returns. This indicates that the taxpayers were negligent in keeping their records and preparing their returns. Over and above negligence, the record also contains a great deal of evidence that the taxpayers intentionally disregarded the income tax rules and regulations. At several stages in the proceedings, the taxpayers and their tax advisor refused to produce records when told to do so by Internal Revenue Service officials and the United States District Court, thus necessitating contempt proceedings. In addition, the taxpayers made a number of attempts to deduct personal expenditures as business expenses. We hold that under these circumstances imposition of the five percent addition to tax was not clearly erroneous.

Judgment AFFIRMED.

---

11. "Sec. 6653. *Failure to pay tax.*

"(a) *Negligence or intentional disregard of rules and regulations with respect to income or gift taxes.*—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment."