DONNIE R. DAVIS AND ROXANA DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 15185-80.
United States Tax Court
T.C. Memo 1982-82; 1982 Tax Ct. Memo LEXIS 659; 43 T.C.M. (CCH) 578; T.C.M. (RIA) 82082; February 18, 1982. Donnie R. Davis and Roxana Davis, pro se. Leroy D. Boyer, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
[1] Sec. 6653(a) 1975
$ 643.00
$ 32.15
1977
2,100.00
105.00
1978
3,871.00
193.55
The issues presented for decision are: 1. Whether petitioners conducted a shoe and clothing sales business in 1977 as an activity engaged in for profit and, if so, whether they substantiated business expenses claimed in connection with such sales activity under section 162. 2. Whether petitioners conducted an investment sales business and a shell *661 sales business in 1978 as activities engaged in for profit and, if so, whether they substantiated business expenses claimed in connection with such sales activities under section 162. 3. Whether for the year 1977 petitioners incurred and have substantiated unreimbursed employee business expenses deductible under section 162. 4. Whether petitioners are eligible for investment tax credit under section 38 against any income tax imposed for the taxable years 1977 and 1978 and, if so, whether they are entitled to an investment tax credit carry-back to the year 1975 from the year 1978. 5. Whether petitioners are entitled to a dependency exemption deduction for the grandmother of Roxana Davis for the years 1977 and 1978. 6. Whether petitioners negligently or intentionally disregarded rules and regulations in computing their taxable income and tax for the years 1975, 1977 and 1978. To facilitate the discussion of the issues and their disposition our findings of fact and opinion will be combined. Some joint exhibits were orally stipulated by the parties and the contents thereof are incorporated herein by reference. Donnie R. Davis and Roxana Davis (petitioners) are *662 husband and wife who were residents of Apache, Oklahoma, when they filed their petition in this case. For the years 1975, 1977 and 1978 they filed timely joint Federal income tax returns with the Internal Revenue Service Center at Austin, Texas. During the years in issue Donnie R. Davis was a roughneck for various oil well drilling companies, including Parker Drilling, Big Chief Drilling, Trigg Drilling and Murco Drilling. The work sites were usually 40 to 50 miles from his home in Apache and he would drive to and from work daily. Roxana Davis was employed as a "provider" (providing care for elderly persons in her home) for the Oklahoma Department of Institutions, Social and Rehabilitative Services. 1. Claimed Business Losses
Petitioners were advised by their return preparer, Tom Erickson [2] of Henton, Oklahoma, to establish businesses for the purpose of reducing their taxable income and tax. In 1977 the petitioners claimed to be *663 in the business of selling shoes and clothing. Mrs. Davis wrote to the Stewart-McGuire Company for a shoe catalog. She sold 12 or 13 pairs of shoes to customers in 1977. These sales totaled about $ 371. Petitioners claimed business expenses totaling $ 6,888. They kept no books and records of their expenses. The amounts shown on Schedule C of their return were not provided by them to their return preparer, but were placed on the schedule by Mr. Erickson, who prepared the return. In 1978 the petitioners claimed to be in an investment sales business and in a shell sales business. The investment sales activity involved the attempted sale of their personal residence. They reported on Schedule C investment sales expenses of $ 4,660. The shell sales activity involved the trap shooting hobby of Mr. Davis. He would take empty cartridges and reload them with primer, powder and shot, and then sell them. He reported gross receipts from this activity of $ 280 and claimed deductions of $ 4,788 on Schedule C. No documents or receipts were kept by petitioners involving this activity. No proof of any expenditures for any of the activities reported on Schedule C's for 1977 and 1978 *664 was offered by petitioners at the trial of this case. We hold on this record that the petitioners did not engage in the shoe and clothing sales activity in 1977 nor in the investment sales or shell sales activities in 1978 with the objective of earning a profit. See section 183; section 1.183-2(b), Income Tax Regs., listing the objective factors to be considered in determining whether an activity is engaged in for profit; Golanty v. Commissioner,72 T.C. 411, 425-427 (1979), affd. by Court order (9th Cir. 1981); and Dreicer v. Commissioner, 81-2 USTC par. 9683, 48 AFTR 2d 81-5884 (D.C. Cir. 1981), revg. and remanding a Memorandum Opinion of this Court. The testimony of both petitioners clearly shows that they engaged in such activities for the sole purpose of creating alleged business losses to reduce their taxable income received from other sources and their income tax. The activities were not engaged in for profit. Moreover, they have failed to carry their burden of proving that they incurred any of the claimed expenses for any of the activities or that they expended any funds for the claimed expenses. Welch v. Helvering,290 U.S. 111 (1933); *665 Rule 142, Tax Court Rules of Practice and Procedure.
2. Claimed Employee Business Expenses
Petitioners claimed on Form 2106 employee business expenses of $ 61 for Roxana and $ 1,318 for Donnie during the year 1977. Mrs. Davis testified that she drove her automobile 360 miles ($ 61) in carrying out her duties as a "provider" for the Oklahoma Department of Social and Rehabilitative Services. We hold that she is entitled to this substantiated local transportation expense deduction. Mr. Davis claimed $ 1,029 for meals and lodging and $ 289 for steel-toe boots and special protective clothing used on his jobs as an oil field roughneck. He has substantiated the amount of $ 289 and it is allowable as a deduction. He has also substantiated the amount of $ 145.60 for lodging expense while he was away from home on a temporary job in Elk City, Oklahoma, from January 31, 1977 to February 13, 1977. The other meals and lodging expenses are unsubstantiated under the strict requirements of section 274(d) and section 1.274-5, Income Tax Regs., and therefore are disallowed. 3. Claimed Investment Credits and Carryback
Petitioners claimed an investment of $ 3,295 in used section *666 38 property for 1977 and an investment of $ 20,071 in new section 38 property and a $ 1,393 investment in used section 38 property for 1978, resulting in an investment tax credit carry-back of $ 643 to the taxable year 1975. On February 1, 1979, the petitioners filed an Application for Tentative Refund (Form 1045) for 1975 on which they claimed a decrease in tax of $ 643 by reason of the investment credit carry-back from 1978. Petitioners have the burden of proving that they had a qualified investment in section 38 property. See Rule 142; section 48. They offered no evidence at the trial to show that they had any qualified investment in new or used section 38 property, as defined in section 48, in either 1977 or 1978, [3] and thus have not carried their burden of proof on this issue.
4. Claimed Dependency Exemption for Grandmother
Petitioners asserted for the first time at *667 the trial of this case their claim for a dependency exemption deduction under section 151(e) for the grandmother of Mrs. Davis for 1977 and 1978. There is no evidence in this record as to (1) the gross income received by the grandmother in either year; (2) the amount she provided for her own support; or (3) the amount of support provided for her by the petitioners. Consequently, we hold that the petitioners have failed to carry their burden of proof on this issue. 5. Section 6653(a) Additions to Tax
Petitioners claimed involvement in various business activities in 1977 and 1978 to "help on" their tax returns. The entries on the Schedule C's they submitted were placed thereon by their return preparer without the petitioners providing him with any of the figures. Nevertheless, the tax returns, although incorrect, were signed and submitted under penalties of perjury by the petitioners. No records were maintained by them of any expenses they might have incurred in their so-called business activities. The addition to tax under section 6653(a) has been sustained where it has been shown that part of the underpayment was due to the negligent manner in which the taxpayer kept *668 his books and records. Lysek v. Commissioner,583 F.2d 1088 (9th Cir. 1978), affg. T.C. Memo. 1975-293. Here the petitioners maintained no books and wholly inadequate records of their income and expenses. They also signed and submitted returns knowing they were incorrect. Accordingly, we sustain respondent's determination on this issue and conclude that the petitioners are liable for the additions to tax under section 6653(a) for each of the years 1975, 1977 and 1978 because they were negligent and intentionally disregarded rules and regulations. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. Mr. Erickson, along with his wife, was convicted of 42 counts of criminal tax fraud, 34 counts of which involved preparing false returns for clients by placing them in nonexisting businesses to reduce their taxable income and tax.↩
3. The receipts totaling $ 519.99 for materials purchased from T.H. Rogers Lumber Company which were submitted to the Court by Mrs. Davis on January 29, 1982, relating to the remodeling of their home before they sold it, do not establish a qualified investment in new or used section 38 property.↩