SNIKTAW PETROLEUM, INC., A NEVADA CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sniktaw Petroleum, Inc., Nevada Corp. v. Commissioner
Docket No. 6127-80.
United States Tax Court
T.C. Memo 1986-554; 1986 Tax Ct. Memo LEXIS 49; 52 T.C.M. (CCH) 1041; T.C.M. (RIA) 86554; November 20, 1986. *49 Petitioner was in the business of preparing tax returns.It claimed various deductions as business expenses, which were disallowed by respondent in full or in part, along with other adjustments to petitioner's reported income. Held, petitioner has failed to carry its burden of proof to substantiate its claimed deductions in excess of those amounts allowed by respondent. Held further, petitioner is liable for additions to tax for failure to file timely Federal income tax returns under sec. 6651(a)(1), I.R.C. 1954, and for negligence or intentional disregard of rules and regulations under sec. 6653(a). David Horton, for the petitioner. J. L. Millward, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: Respondent determined, by notice of deficiency dated January 25, 1980, deficiencies in the Federal income taxes of petitioner and additions to tax for the taxable years ended December 31, 1972 through December 31, 1975 as follows: Taxable
Addition to Tax
Addition to Tax
Year
Deficiency
[1] *50 Sec. 6651(a)(1) Sec. 6653(a)
1972
$4,368 $1,092   $218 1973
3,530
883
177
1974
3,952
988
198
1975
6,013
1,503  301
After concessions, the issues for decision are (1) whether petitioner is entitled to deductions in excess of those amounts allowed by respondent, and (2) whether petitioner is liable for additions to tax under section 6651(a)(1), for failure to file timely Federal income tax returns, and under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulated facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, Sniktaw Petroleum, Inc., was incorporated in the State of Nevada on August 1, 1969. At the time it filed its petition in this case, petitioner's principal place of business was located in Carson City, Nevada. Petitioner filed Federal income tax returns for all of the taxable years in issue with the Internal Revenue Service Center in Ogden, Utah. All such returns were filed in May 1978. Sometime in 1971 petitioner commenced the business of preparing tax returns. On June *51 12, 1971, petitioner's board of directors resolved that Ted Watkins, [2] of the Ted Watkins Tax Service, and his sister, Vivian Watkins, were to run petitioner's business in exchange for their room, board and medical expenses. [3] The resolution also authorized petitioner to purchase from Vivian Watkins certain "furnishings, linens, antiques, etc. for $40,000.00, office equipment, files, etc. for $13,030.00, library for $8,251.00, and 2 automobiles * * * for $4,500," which payment was to be evidenced by a 15-year note. Petitioner's only employees during all of the taxable years in *52 issue were Ted and Vivian Watkins. Vivian Watkins also was an officer of petitioner, and signed petitioner's Federal income tax returns as its secretary for all of the years in issue.Petitioner's name, "Sniktaw," is "Watkins" spelled backwards. Prior to 1972, petitioner's business was conducted in rental property located in the Mendiceno/Eureka, California area. In 1972, a house was purchased at 804 Chernus Drive, Carson City, Nevada in petitioner's name. From 1972 through 1975, Ted and Vivian Watkins resided in this house and conducted petitioner's business there. The house included three bedrooms, two bathrooms, a kitchen, living room, laundry room, closets and hallways. In 1973 its garage space was converted into a business office. For each of the taxable years in issue, [4] respondent disallowed, in whole or in part, various deductions claimed by petitioner, based upon the determination that such expenses did not constitute deductible business expenses. Respondent disallowed the entire rent expense deducted in 1972 with respect to the California rental property. Also, respondent disallowed in part various expenses claimed by petitioner from 1972 through 1975 with respect to *53 the house in Nevada, including rent, utilities, real estate taxes and mortgage interest, contrary to petitioner's position that the entire premises were used solely by petitioner's employees or clients for business purposes. Respondent determined that in 1972 only 18 percent, and from 1973 through 1975 only 37 percent, of the house was devoted to business use and that the remainder was used by Ted and Vivian Watkins as their personal residence. Respondent also disallowed almost all storage and moving expenses claimed by petitioner with respect to property and fixtures acquired from Vivian Watkins, pursuant to the terms of the corporate resolution discussed above, as well as interest expenses purportedly paid according to petitioner's note issued to Vivian Watkins with respect to this purchase. Respondent further disallowed travel and legal expense deductions claimed by petitioner with respect to certain litigation, based upon the determination that petitioner was not a party *54 to the actions, depreciation deductions claimed by petitioner with respect to leasehold improvements, office buildings, equipment, machinery, automobiles, furniture and fixtures, and various expenses claimed by petitioner as "supplies," also based upon the determination that the disallowed amounts represented personal expenses of Ted or Vivian Watkins. Additionally, respondent determined in the notice of deficiency that petitioner had failed to report income properly for the 1974 taxable year. In the statutory notice of deficiency, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the 1972 through 1975 taxable years. The primary issue for decision is whether petitioner is entitled to deductions in excess of those amounts allowed by respondent. Also in issue is whether petitioner is liable for additions to tax for failure to file timely Federal income tax returns and for negligence or intentional disregard of rules and regulations. OPINION Respondent had determined deficiencies in petitioner's Federal income taxes for the 1972 through 1975 taxable years based upon the determination that the disallowed deductions do not constitute ordinary *55 and necessary business expenses of petitioner and that petitioner had failed to report properly its gross receipts. Petitioner bears the burden of proving that respondent's determinations in the notice of deficiency are incorrect, Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933), and that petitioner is entitled to deduct the items claimed on its tax returns. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). [5] As a preliminary matter, we note that at trial petitioner objected to the admissibility of certain evidence offered by respondent, including transcripts of Ted Watkins' bankruptcy proceedings and an *56 affidavit filed with respect to that action. Petitioner objected to the admissibility of the evidence on the basis that it is irrelevant, immaterial, incompetent, and hearsay, as well as "trash * * * highly inflamatory and very extraneous * * *." We expressly reserved ruling on this issue subject to briefs to be submitted by both parties. Respondent states on brief that the evidence is offered because it forms the bases of the determined deficiencies, presumably to show that the determinations are reasonable. In the petition and amended petition, petitioner alleges that respondent's determinations are excessive, capricious, and without rational foundation. However, petitioner has not refuted our stated understanding at trial that it was not asserting that the notice of deficiency had been issued improperly. Therefore, we need not decide whether the offered evidence would be admissible to establish the reasonableness of respondent's determinations.In any event, because petitioner has failed to demonstrate that it is entitled to the full amount of the deductions claimed, based solely upon the joint exhibits and other evidence which admissibility is undisputed as discussed below, *57 we will not decide whether this evidence may be admissible as additional evidence against petitioner. I. Disallowed Deductions
Petitioner has failed to cite a single case, Code section or other authority in support of any of the deductions claimed on its Federal income tax returns for any of the taxable years in issue. [6] Testimony at trial consists primarily of item-by-item questions with respect to petitioner's records and respondent's work papers. The majority of the testimony was given by Vivian Watkins and consists of unsupported statements in which she is unable to explain or remember the specific items claimed on petitioner's tax returns, which she had signed as petitioner's secretary. In many instances, she merely read from the tax returns themselves. Petitioner's failure to produce business records or corporate minutes necessary to verify the deductions claimed is particularly significant given that its stated business purpose is to prepare tax returns. [7] *59 At trial, *58 Vivian Watkins claimed that certain records were in the possession of Frank Tunzi, also referred to as petitioner's secretary, who did not appear or testify on petitioner's behalf. Although the record remained open for an additional 30 days after trial in order to receive such additional records, no further documentation was submitted on petitioner's behalf. We conclude that petitioner has failed to meet its burden of proof with respect to the deductions disallowed by respondent and merely summarize the parties' arguments with respect to the various items disallowed for each of the years in issue. Petitioner has failed to present any evidence with respect to any business use of the California rental property. Petitioner also has failed to present any credible argument to support its claim that the entire Nevada house was used solely in petitioner's tax preparation business so as to support the full deduction of rent, utilities, real estate taxes and mortgage interest expenses. Testimony by one of petitioner's clients, Harold Stewart (Stewart), that the entire Nevada house is used solely for business purposes can be accorded little, if any, weight; his credibility is highly questionable, given that Vivian Watkins is a shareholder of his closely held corporation. Simply stated, we do not agree with petitioner's broad assertion that it is reasonable in its so-called "particular type of tax service business, and particular type *60 of clientele that it serves" to reguire its employees to remain on the business premises 24 hours a day, despite Vivian Watkins' and Stewart's testimony that Ted and Vivian Watkins work long and odd hours; that the Nevada house serves as the corporate resident agent address for approximately 90-100 "clients" incorporated in that state, including clients of which Vivian Watkins is a shareholder; and that petitioner's clients often stay in the house overnight. [8]
Similarly, petitioner has failed to establish that it is entitled to deduct storage, moving and interest expenses claimed with respect to a $50,000 note, issued to Vivian Watkins for the purchase of furniture, fixtures and other personal property purportedly used solely for business purposes. Vivian Watkins is unable to explain how the $50,000 purchase price was allocated among the many assets purchased and has admitted that those amounts allocable to the purchase of an electric organ and antique piano, for examples, are not legitimate business expenses. Petitioner also argues that the disallowed travel and *61 legal expenses are in part attributable to litigation for its reacquisition of property located upon the Garberville River Ranch (the Ranch). The only evidence offered to corroborate Vivian Watkins' testimony with respect to this issue is a copy of a lease agreement, executed in 1969, which provides that another corporation, Sniktaw Land Development Corporation, had agreed to convey a leasehold interest in the Ranch to petitioner in exchange for petitioner's stock. However, petitioner is unable to explain the specific travel and legal expenses questioned by respondent and has failed to introduce any receipts or other documentation to substantiate the deductions claimed. Additionally, Vivian Watkins' testimony reveals that some of these expenses were incurred with respect to a class action suit brought on behalf of petitioner's clients, to which petitioner was not a party. It also appears that other such expenses are attributable to involuntary bankruptcy proceedings instituted against Vivian Watkins personally. Respondent also has disallowed in part depreciation deductions claimed with respect to the Nevada house, as petitioner's office, and certain equipment, machinery, furniture *62 and fixtures located therein, as well as depreciation expenses attributable to purported leasehold improvements upon the Ranch property. Petitioner has conceded that it improperly computed certain depreciation deductions, for examples, by including the cost of the land in its depreciation of the Nevada house and by using an improper method of depreciation. Vivian Watkins' testimony also reveals that petitioner continued to depreciate the property located upon the Ranch after it no longer owned such property, while it was involved in litigation for its recovery. Also, as with other disallowed deductions, petitioner is unable to explain or substantiate specific amounts claimed as depreciation expenses as questioned by respondent at trial. Additionally, respondent has disallowed various deductions claimed by petitioner based upon the determination that they represent personal expenses of Ted or Vivian Watkins rather than deductible business expenses of petitioner. Petitioner does not disagree that expenditures designated "supplies," including Ted and Vivian Watkins' medical and food expenses, constitute their personal expenses. In fact, Vivian Watkins has testified that during the *63 taxable years in issue she did not maintain any bank savings or checking account, own a car or any furniture, or purchase any food in her own name. [9] Therefore, the deductibility of these expenses, purportedly paid by petitioner in lieu of other compensation to its employees, focuses upon whether such amounts paid constitute "a reasonable allowance for salaries or other compensation for personal services actually rendered." Sec. 162(a)(1); see sec. 1.162-7(a) and (b)(3), Income Tax Regs.
The issue of reasonable compensation is a question of fact, Boyle Fuel Co. v. Commissioner,53 T.C. 162, 169 (1969), upon which petitioner bears the burden *64 of proof. Rule 142(a); Botany Worsted Mills v. United States,278 U.S. 282, 289-290 (1920). In Elliotts, Inc. v. Commissioner,716 F.2d 1241, 1245-1248 (9th Cir. 1983), revg. and remanding a Memorandum Opinion of this Court, [10] the Court of Appeals for the Ninth Circuit, to which this case would be appealable, divided the relevant factors to be considered in this determination into the following five categories: (A) The role in the company of the employee whose compensation is under consideration, (B) An external comparison of the employee's compensation with that paid by similar companies for similar services, (C) The character and condition of the company, (D) Any conflict of interest between the employee and the company "which might permit the company to disguise nondeductible corporate distributions of income as salary expenditures deductible under section 162(a)(1)" (716 F.2d at 1246), and (E) Evidence of an internal inconsistency in the company's treatment of payments that "indicate that the payments go beyond reasonable compensation." (716 F.2d at 1247) Petitioner has made no attempt *65 to present any evidence that might demonstrate that the deductions claimed with respect to the personal and living expenses of Ted and Vivian Watkins constitute reasonable compensation within the meaning of section 162(a)(1), other than to argue that such expenditures were authorized by the terms of a corporate resolution. Clearly, petitioner has failed to convince us that it is entitled to deduct such amounts disallowed by respondent on the basis that they constitute expenses paid in lieu of reasonable compensation. Finally, petitioner has attempted unsuccessfully to reconstruct its gross receipts using its bank statements to establish that it does not have unreported income for any of the years in issue.Despite petitioner's concessions at trial, Vivian Watkins has admitted that additional discrepancies remain within her own records and is unable to explain the gross receipts figures that she had reported on petitioner's returns. Accordingly, based on all of the above, we sustain respondent's determinations of deficiencies in petitioner's taxes based upon the disallowances of deductions claimed in excess of amounts attributable to petitioner's business expenses. II. Casualty Loss *66 Petitioner argues that any such deficiencies would be offset at least in part by an unclaimed casualty loss, under section 165, [11] for the 1974 taxable year upon its abandonment of litigation to recover property located at the Garberville River Ranch. As stated above with respect to the depreciation deductions claimed, petitioner has failed to establish the cost or other bases of that property allegedly "lost" at the Ranch in order to establish the amount of any such loss. Moreover, given that petitioner continued to claim depreciation deductions with respect to such "lost items" in 1975, we conclude that petitioner did not believe that such items were in fact lost, or that petitioner had abandoned this litigation. See, for example, sec. 1.165-1(d)(2)(i), Income Tax Regs. Accordingly, we conclude that petitioner has failed to establish that it should have been entitled to claim any such casualty loss. III. Additions to Tax
In the notice of deficiency, respondent *67 also determined that petitioner is liable for additions to tax under section 6651(a)(1)[12] and section 6653(a)[13] *68 for each of the years in issue. Petitioner bears the burden of proving that such additions to tax have been imposed improperly. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933); Leahy v. Commissioner,87 T.C. 56, 73 (1986); Tomburello v. Commissioner,86 T.C. 540, 547 (1986), on appeal (9th Cir. Nov. 10, 1986).
Section 6651(a)(1) provides for an addition to tax for failure to file timely returns, unless such failure is due to reasonable cause and not due to willful neglect. Petitioner filed its Federal income tax returns for all of the years in issue, 1972 through 1975, in May 1978 and has not addressed the issue of its late filings. Clearly, petitioner has failed to prove that the imposition of such addition would be improper here. Section 6653(a) provides for an addition to tax where any part of any "underpayment" is due to negligence or intentional disregard of rules and regulations. The record establishes that petitioner has failed to maintain adequate records sufficient to substantiate its purported business expenses, as required under section 6001, and has attempted to deduct expenditures *69 properly attributable to other parties, including litigation expenses incurred by its clients as well as personal and living expenses of its employees. Therefore, we reject petitioner's argument that "[n]o tax liability is shown and therefore, no interest or penalties are assessable." Accordingly, we have no hesitancy in sustaining respondent's determinations of additions to tax under sections 6651(a)(1) and 6653(a). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.
2. As of the date of trial, Ted Watkins was deceased. ↩
3. We note that Ted and Vivian Watkins and the Ted Watkins Tax Service have been involved in litigation before this Court on several prior occasions. See Wood v. Commissioner,41 T.C. 593 (1964), affd. 338 F.2d 602 (9th Cir. 1964), and [Harold] Stewart v. Commissioner,T.C. Memo. 1978-400 (Vivian Watkins testifying), Brown v. Commissioner,T.C. Memo. 1978-234, and Lysek v. Commissioner,T.C. Memo. 1975-293, affd. 583 F.2d 1088 (9th Cir. 1978) (taxpayers' returns prepared by Ted Eatkins Tax Service), and [Vivian] Watkins v. Commissioner,T.C. Memo. 1978-403↩.
4. In the notice of deficiency, respondent also disallowed expenses claimed by petitioner for the 1971 taxable year, which had produced a net operating loss that was carried forward to certain taxable years in issue.↩
5. Respondent also contends that petitioner is "nothing but a sham, a mere shell that was essentially controlled by the employees, Ted and Vivian Watkins, for their purposes * * *." However, respondent does not seek to disallow in full all deductions claimed by petitioner; rather, respondent seeks to limit the allowable deductions to amounts determined to be attributable to petitioner's business use, as compared to personal expenses of Ted or Vivian Watkins. Therefore, we need not decide whether petitioner is a viable corporation for Federal income tax purposes.↩
6. Inasmuch as petitioner argues that the disallowed deductions constitute ordinary, necessary and proper business expenses, apparently the relevant Code section here is section 162↩, Trade or Business Expenses.
7. Petitioner maintains that Ted and Vivian Watkins are its employees only and not its shareholders. Vivian Watkins testified that petitioner's stock was owned in part by certain individuals, holding a total of 70 shares, and by the Sniktaw Land Development Corporation (SLD), holding 1,250 shares. She further testified that SLD's stock was held primarily by Yvonne C. Stull, an incorporator and director of petitioner, and admitted that she also owned shares of SLD. However, petitioner has not introduced any documentation, such as stock certificates or other corporate books or records, to support any of this testimony. In any event, there is no question that petitioner was dominated from its inception by Ted and Vivian Watkins. As tax advisors to a clientele that appears to have been part of the tax protestor movement, the Watkins had to set an example of how to attempt to avoid the payment of taxes due and petitioner is that example.
8. Compare with J. Grant Farms, Inc. v. Commissioner,T.C. Memo. 1985-174, and Johnson v. Commissioner,T.C. Memo. 1985-175↩.
9. Evidently Ted and Vivian Watkins did not report as income such personal expenditures made by petitioner on their behalf, as it appears that they did not file Federal income tax returns for the taxable years in issue. In his work papers, respondent indicates that certain expenditures made by petitioner constitute constructive distributions to Ted and Vivian Watkins under section 301. However, inasmuch as respondent fails to argue this issue and has determined deficiencies in only petitioner's taxes, we need not address this issue. See n. 5 above.↩
10. On remand, T.C. Memo. 1984-516, affd. without published opinion 782 F.2d 1051↩ 99th Cir. 1986).
11. Sec. 165 provides in relevant part as follows: SEC. 165. LOSSES. (a) General Rule. -- There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *↩
12. Sec. 6651 provides in relevant part as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax. -- In the case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 * * *, on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *. ↩
13. Sec. 6653provides in relevant part as follows: SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. -- If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. * * *↩