MYONG H. AND MI S. KIM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kim v. Commissioner
Docket No. 23175-92
United States Tax Court
T.C. Memo 1994-561; 1994 Tax Ct. Memo LEXIS 569; 68 T.C.M. (CCH) 1181; November 7, 1994, Filed *569 Decision will be entered under Rule 155. For petitioners: Leon Michael Rudloff. For respondent: Linda A. Neal. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 18,027 in petitioners' Federal income taxes for 1988 and additions to tax of $ 4,053 under section 6651(a)(1) and $ 4,507 under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are whether petitioners are entitled to additional Schedule A deductions; whether petitioners are entitled to reduced gross receipts and increased expenses in relation to a Schedule C janitorial service operated by petitioner Myong H. Kim (Mr. Kim); and whether petitioners are entitled to additional Schedule C deductions relating to an insurance agency operated by petitioner Mi S. Kim (Mrs. Kim). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Arizona during 1988 and at the time they filed their petition. *570 From January 1, 1988, to August 15, 1988, Mr. Kim was an employee of Edifice Janitorial Company. On or about August 15, 1988, Mr. Kim and Edifice Janitorial Company entered into an Act of Sale of Equipment and Assignment of Contracts (the agreement). Under the agreement, Mr. Kim purchased seven specified building cleaning service contracts and certain cleaning equipment described in an attachment to the agreement. The agreement provided that Edifice Janitorial Company would not conduct the business of janitorial services within the State of Arizona for a period of 10 years from the date of the agreement and that Edifice Janitorial Company licensed to Mr. Kim the use of the name Edifice Janitorial Company in the State of Arizona during the noncompete period of 10 years. The consideration for the agreement was $ 6,387. Thereafter, Mr. Kim operated the janitorial business under the name Edifice Janitorial Service. Expenses relating to the janitorial business were sometimes paid from petitioners' personal checking account and were sometimes paid out of the business account that was maintained for the janitorial service. Some business expenses were charged on petitioners' American *571 Express card, which was also used for personal expenses of petitioners. Petitioners did not maintain a cash receipts or cash disbursements journal or otherwise segregate in an organized manner their disbursements for business expenses from their disbursements for personal expenses. Mrs. Kim was employed by Prudential Insurance as an insurance agent from June through December 1988. Her wages earned during 1988 from Prudential Insurance totaled $ 12,009.25. She was also self-employed as an agent for other insurance companies from June through December 1988. In 1984, petitioners purchased a 1985 Buick Electra, agreeing to make 48 monthly payments commencing September 29, 1984. In 1988, petitioners purchased a 1988 Honda. In November or December 1988, they agreed to purchase a 1989 Ford Taurus station wagon. A $ 500 deposit was paid to the seller of the station wagon in November 1988. A contract of purchase for the station wagon was entered into December 22, 1988, and provided for payments beginning January 21, 1989. Petitioners did not keep any contemporaneous records of business mileage or the percentage of business use in comparison to personal use of the vehicles during *572 1988. On Schedule A attached to their U.S. Individual Income Tax Return for 1988 (Form 1040), petitioners claimed unreimbursed employee expenses of $ 4,625 relating to Mr. Kim's employment prior to August 15, 1988. The employee business expenses claimed included $ 750 in meals and entertainment expenses and $ 3,875 for 17,500 business miles on the 1985 Buick. Respondent concedes that $ 3,473 is deductible on petitioners' Schedule A as an employee business expense for 1988. On Schedule C attached to their 1988 return for Mr. Kim's janitorial service, petitioners reported gross receipts of $ 47,108 and claimed deductions of $ 46,175. On Schedule C attached to petitioners' 1988 return relating to Mrs. Kim's insurance sales, petitioners reported gross receipts of $ 1,871 and expenses of $ 7,734. The expenses claimed and the amounts now conceded by respondent in relation to petitioners' Schedule C businesses are as follows: Janitorial
Respondent
Insurance
Respondent
Expenses
Concedes
Expenses Concedes
Advertising
$ 200  $ 0  $ 260  $ 0  Car and truck
344
0
853
1,158
Depreciation
7,741
4,790
1,303
0
Insurance
2,696
637
678
0
Interest
0
0
804
0
Office expenses
1,050
988
603
0
Rent
2,000
0
1,000
0
Supplies
1,873
2,392
0
0
Repairs
0
0
300
0
Travel
1,693
0
137
0
Meals and
entertainment 769
0
676
0
Utilities and
telephone 1,275
1,470
770
0
Marketing
0
0
350
0
Subcontract labor
26,007
23,458
0
0
Christmas party
527
0
0
0
Total
$ 46,175
$ 33,735
$ 7,734
$ 1,158
*573 The rent deducted on the two Schedules C consisted of one-half of the rent paid by petitioners for their home during 1988. On a supporting schedule attached to the return, petitioners reported that the Honda was acquired in June 1988 and the 1989 Ford Taurus was acquired in October 1988. The automobile expenses claimed on Schedule C for the janitorial business included 7,200 business miles on the Ford Taurus. Petitioners claimed 23,200 business miles on Schedule C for the use of the Honda in the insurance business in 1988. The dollar amount deducted represented 90 percent of claimed actual expenses. Respondent's concessions are based on mileage allowances and include allowable depreciation on the automobiles. The Schedule C for the janitorial service claimed depreciation in the amount of $ 7,741, including $ 1,503 on the Ford Taurus, $ 5,000 pursuant to section 179, and $ 1,238 on cleaning equipment purchased in 1988. Respondent concedes that 75 percent of $ 6,387 (the consideration in the agreement for purchase of the janitorial service) is an expense for the purchase of the cleaning equipment deductible under section 179. Respondent determined that 25 percent of the purchase *574 price was attributable to nondepreciable goodwill, cleaning contracts, and the covenant not to compete. Petitioners secured an extension to August 15, 1989, for filing their 1988 tax return. The return was not filed until May 25, 1990. The return was signed by a certified public accountant as preparer. In the statutory notice of deficiency sent July 15, 1992, respondent disallowed amounts claimed on Schedule A for reasons including failure to show that the amounts claimed were paid or were deductible in the category shown. The miscellaneous deductions were disallowed because they did not exceed 2 percent of the adjusted gross income determined by respondent. The standard deduction was allowed because it exceeded the allowed itemized deductions. Respondent disallowed the expenses claimed on Schedule C for the janitorial and insurance businesses. The stated reason was that: "you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business." The amounts disallowed in the statutory notice coincided with items claimed on the tax return. OPINION Petitioners bear *575 the burden of proving that the determinations in respondent's notice of deficiency are incorrect. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S.    , 112 S. Ct. 1039 (1992); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Citing Zuhone v. Commissioner, 883 F.2d 1317 (7th Cir. 1989), affg. T.C. Memo. 1988-142, petitioners acknowledge that the statutory notice is presumed correct unless the taxpayer shows that the proposed assessment is arbitrary and excessive or without factual foundation. As in Zuhone, however, and the cases there cited at 1325-1326, petitioners have not shown here that the statutory notice is arbitrary, excessive, without factual foundation, or otherwise deficient. Petitioners rely solely on the difference between the deductions disallowed in the statutory notice and the deductions conceded by respondent prior to trial as evidence of arbitrariness. Petitioners complain that counsel for respondent asserted, in her opening statement, that petitioners did not respond to *576 audit inquiries and did not substantiate any deductions until after the statutory notice was sent. Petitioners assert: "the arbitrary and capricious exception does not apply where the taxpayer refused to make his books and records available. Lysek, Edward, TC Memo 1975-293, aff'd 583 F.2d 1088 (CA 9 1978). Herein, there was no evidence presented that petitioners ever refused to make books and records available." Petitioners, however, bear the burden of proving the arbitrariness of the statutory notice and did not present any evidence that they responded in any way to audit notices or presented records prior to the time of the statutory notice. As appears in our findings of fact, the statutory notice specifically disallowed the expenses because of petitioners' failure to substantiate them. In analogous circumstances, the Court of Appeals for the Ninth Circuit in Clapp v. Commissioner, 875 F.2d 1396, 1402-1403 (9th Cir. 1989), stated: While appellants place great weight on the disparity between the amounts of the notices of deficiency and the amounts of deficiency in the stipulated judgments, *577 much of the disparity was the result of attributing income to both the individuals and the trusts in the alternative, an acceptable practice. As for the remaining disparity, the notices of deficiency are perfectly clear: the taxpayers refused to provide information substantiating their deductions at the time of audit, and the deductions were therefore disallowed. During the Tax Court proceedings, appellants substantiated their deductions and the Commissioner thereafter willingly stipulated to deficiencies of far lower amounts. [Id. at 1402.]
The Court of Appeals in Clapp declined to invalidate the statutory notice, as requested by the taxpayers, refusing to place on the Commissioner the burden to verify deductions through third-party records -- when faced with taxpayers who refuse to cooperate or provide the necessary information at their audit examinations. The Commissioner points out that it was taxpayers' duty to substantiate their deductions at the time of the audit examination and that the taxpayers failed to do so. [Id. at 1403]
Although the Court of Appeals discussed alternative means of *578 dealing with arbitrary notices, it did not suggest that a notice sent under the circumstances present in Clapp and present here is arbitrary or otherwise a justification for shifting the burden of proof, as demanded by petitioners here. None of the cases cited by petitioners supports their position. They continue to bear both the burden of presenting evidence and the burden of persuasion with respect to all items in dispute. The first item in dispute relates to gross receipts reported on Schedule C for the janitorial service. Although $ 47,108 was reported on the return, petitioners now contend that the correct amount of gross receipts is $ 38,112.64, based on an undated, handwritten schedule presented at trial. The author of the schedule was not identified. Mr. Kim testified, in response to the leading question of his counsel, only as follows: Q And that is all the income that you got out of the janitorial services during the period that you owned them? A In that year. Yes.
The preparer of the tax return did not testify, and there is no evidence as to how the reported amount of gross income was calculated. In their reply brief, petitioners attempt to reconstruct *579 the computation, not completely reconciling the numbers; these figures are based on conjecture not justified on this record. Under these circumstances, petitioners have failed to present cogent evidence sufficient to overcome the admissions on the tax return. Cf. Estate of Hall v. Commissioner, 92 T.C. 312, 337-338 (1989). Petitioners also now contend that they are entitled to reduce their Schedule C income from the janitorial service by a $ 2,095.09 balance in the janitorial business bank account on December 31, 1988. Petitioners' contention in this regard is somewhat unintelligible. It seems to arise from the erroneous assumption that amounts received by petitioners' Schedule C business but "not distributed" to petitioners are not taxable to petitioners during the year in which they were deposited in the business bank account. Petitioners' position is unsupported by evidence, law, or logic. Similarly, petitioners' newly claimed deduction for repayments of "business loans" has no apparent basis in law or fact. The loans appear from the evidence to be, at most, the source of funds used for expenditures otherwise claimed as deductions. Petitioners *580 fare no better with respect to their attempts to prove deductions beyond those conceded by respondent. The records produced at trial by petitioners consisted of disorganized copies of receipts, including receipts for personal expenses such as birthday gifts; one is marked "fragrance". Several exhibits contain different documents, such as canceled checks and receipts, relating to the same expenditures, suggesting duplication of amounts claimed as deductions. The expenses shown on the exhibits presented by petitioners do not coincide and cannot be reconciled on the record with the amounts reported on petitioners' tax return or the amounts conceded by respondent. The documentary evidence presented by petitioners is simply too unreliable to establish their entitlement to any deductions beyond those conceded by respondent. The testimonial evidence similarly was lacking. Mrs. Kim did not testify at all about the alleged insurance business expenses, notably 23,200 business miles claimed on the Honda from June through December. His counsel's attempt to secure Mr. Kim's testimony about the nature of automobile expenses, bank charges, and the annual fee for the American Express card *581 was contradicted by the documentary evidence or was negated by Mr. Kim's testimony or his admitted lack of knowledge. There was no testimony about when the Ford station wagon was placed in service, and the documents suggest that it was not before December 22, 1988. Thus, the claims on the tax return of depreciation from October and 7,200 business miles in 1988 are not credible. Moreover, the evidence as to certain expenses, such as travel and entertainment expenses and claimed home office expenses, failed to establish satisfaction of the statutory requirements of sections 274(d) and 280A. Petitioners also failed to present evidence relevant under Commissioner v. Soliman, 506 U.S.    , 113 S. Ct. 701 (1993), with respect to the home office expense. Rent was apparently claimed on an annual basis for businesses operated only part of the year. With respect to the additions to tax, petitioners merely claim in their briefs that there are no additions to tax because there is no deficiency. They offered no reasonable cause that would negate the additions to tax under section 6651(a) for failure to file a timely return. Mr. Kim merely testified that *582 he did not remember whether he requested an extension beyond August 15, 1989, and that he was too busy because of business to file his return on time. The addition to tax under section 6661 applies where there is a substantial understatement of income tax liability. An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. Petitioners do not come within any of the exceptions set forth in that statute. If the recomputed deficiency determined under Rule 155 satisfies the statutory percentage or amount, petitioners will be liable for that addition to tax. To reflect respondent's concessions, Decision will be entered under Rule 155.