T.C. Memo. 2016-126

UNITED STATES TAX COURT

CHRIS NGUYEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20491-13.                    Filed June 29, 2016.

Chris Nguyen, pro se.

<u>Bryant W. Smith</u> and <u>Trent D. Usitalo</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies and penalties with respect to petitioner's 2008 and 2009 Federal income tax as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2008 | $53,063 | $10,612.60 |
| 2009 | 105,080 | 21,016.00 |

After concessions,[1] the issues for decision as to the years at issue are: (1) whether petitioner's income reported on Schedule C, Profit or Loss From Business, was understated and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a).[2]

---

[1] Respondent in the notice of deficiency disallowed several of petitioner's claimed Schedule C expense deductions. However, respondent determined in the notice of deficiency that for 2008 petitioner was entitled to deductions of $430 for advertising, $699 for bank charges, $24,893 for rent expenses, and $1,321 for insurance. Additionally, respondent determined that for 2009 petitioner was entitled to deductions of $8,500 for taxes and licenses, $1,310 for utilities, $1,224 for telephone expenses, and $460 for water expenses. Moreover, on the basis of the evidence at trial, respondent now concedes that for 2008 petitioner is entitled to cost of goods sold (COGS) of $39,221.18 and a deduction of $11,539.90 for freight expenses. Additionally, respondent concedes that for 2009 petitioner is entitled to COGS of $92,947.70 and deductions of $11,388.84 for freight expenses, $41,450 for rent expenses, $850 for advertising, and $615 for janitorial expenses. We accept respondent's determinations and concessions. Accordingly, the said deductions are to be included in the Rule 155 computations. Finally, the notice of deficiency included several other adjustments, such as an SE AGI adjustment, that involve computational matters to be resolved in the parties' Rule 155 computations consistent with the Court's opinion.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                     FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time he filed his petition.

I.      General Background

Petitioner was born in Vietnam in 1980. In 1981 petitioner's father immigrated to the United States. Petitioner stayed in Vietnam with his mother. In 2001 petitioner immigrated to the United States. Petitioner speaks limited English.

II.     Petitioner's Pottery Business

During the years at issue petitioner operated a pottery business in California. Petitioner maintained several checking and credit card accounts at various banks.[3] Additionally, petitioner did not maintain complete and accurate books and records for his business. In fact, he relied upon an untrained 18-year-old woman for his bookkeeping. Moreover, petitioner received several loans from

---

[3] For the years at issue, the Internal Revenue Service (IRS) conducted a bank deposits analysis of petitioner's bank accounts and determined that petitioner had unreported income from his business activities.

[*4] family and friends--including his mother,[4] his mother-in-law, and Liem Nguyen[5]--and deposited some of the loan proceeds into his bank accounts. Petitioner also received gifts from his mother during the years at issue.

III.    Income Tax Returns

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the years at issue. Petitioner attached to each of those returns two Schedules C[6] reporting gross receipts, COGS, gross income, and net profit for his pottery business as follows:

| Year | Gross receipts | COGS | Gross income | Net profit |
|------|----------------|----------|--------------|------------|
| 2008 | $79,216 | $11,419 | $67,797 | $2,229 |
| 2009 | 129,118 | 37,991 | 91,127 | 20,079 |

The IRS conducted an examination of petitioner's returns for the years at issue in or about November 2010. Petitioner hired Certified Public Accountant Son Nguyen to help represent him during the examination. On November 21,

---

[4] Petitioner's mother operated a successful business in Vietnam that manufactured rice paddle equipment during the years at issue. In addition, petitioner's mother received a large inheritance from her father sometime before the years at issue.

[5] Liem is a close friend of petitioner.

[6] Although petitioner stated on his tax returns that he operated two businesses--Art Craft Trading and Phelan Co.--the record indicates that the two businesses are in fact one pottery business.

**[*5]** 2011, petitioner submitted Forms 1040X, Amended U.S. Individual Income Tax Return, for the years at issue, which were not processed by the IRS.

On May 30, 2013, the IRS mailed petitioner a notice of deficiency for the years at issue that made adjustments to his original returns. In the notice of deficiency the IRS determined deficiencies and penalties as stated supra. Petitioner filed a timely petition with this Court for redetermination.

OPINION

We must determine whether petitioner understated his Schedule C income for the years at issue. In order to decide this, we must first determine whether petitioner understated his Schedule C gross income for the years at issue.

I.     Schedule C Gross Income

Generally, the Commissioner's determinations of deficiencies in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the Commissioner's determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In the Court of Appeals for the Ninth Circuit, to which an appeal of this case presumably would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), the presumption of correctness does not attach in cases involving unreported income unless the Commissioner first establishes an evidentiary foundation linking the taxpayer to the alleged income-

[*6] producing activity, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). The requisite evidentiary foundation is minimal and need not include direct evidence. See Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 F. App'x 637 (9th Cir. 2011).

Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of * * * [the Commissioner's] deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989); see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

The Commissioner has broad powers under section 446 to compute the taxable income of a taxpayer. Sec. 446; Petzoldt v. Commissioner, 92 T.C. at 693. Generally, such computation is made using the taxpayer's regularly employed method of accounting. Sec. 446(a). If the taxpayer's method of accounting does not clearly reflect income, then the method used shall be the method which, in the Commissioner's opinion, clearly reflects income. Sec. 446(b); see Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997).

**[\*7]** For the years at issue, respondent reconstructed petitioner's gross income using the bank deposits method. "The use of the bank deposit method for computing income has long been sanctioned by the courts." Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), aff'd, 566 F.2d 2 (6th Cir. 1977). "A bank deposit is prima facie evidence of income and * * * [the Commissioner] need not prove a likely source of that income." Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) (citing Estate of Mason v. Commissioner, 64 T.C. at 656-657).

Respondent has established the requisite minimal evidentiary foundation linking petitioner with an income-producing activity by introducing evidence that he was engaged in a trade or business and received unreported gross income from his business during the years at issue. Therefore, petitioner bears the burden of proving that respondent's deficiency determinations are arbitrary or erroneous.

On the basis of the credible testimony presented[7] and the documentary evidence introduced at trial, petitioner has established by a preponderance of the evidence that a portion of the disputed determinations is erroneous. Petitioner testified that he received various loans from his mother, his mother-in-law, and Liem during the years at issue and that he deposited some of the loan proceeds

---

[7] Having had the opportunity to observe petitioner and Liem at trial, we find them to be honest, forthright, and credible.

[*8] into his bank accounts.[8]  Additionally, petitioner produced loan documents at trial to corroborate the existence of some of the loans.  Moreover, in addition to his own testimony, petitioner offered testimony from his close friend, Liem, to support his contention that some of his bank deposits were loan proceeds.  Liem in fact testified that he made various loans to petitioner during the years at issue.  On the basis of the evidence presented at trial, we find that petitioner deposited loan proceeds into his bank accounts as follows:  $62,500 for 2008 and $15,000 for 2009.  Because loan proceeds do not constitute gross income to a taxpayer, see Commissioner v. Tufts, 461 U.S. 300, 307 (1983), we hold that the above-stated amounts are not gross income to petitioner.

Furthermore, the record establishes that petitioner received a gift of $7,000 from his mother for each of the years at issue.  Because gifts do not constitute gross income to a taxpayer, see sec. 102(a), we hold that the above-stated amounts are not gross income to petitioner.

Thus, although petitioner failed to report some gross income for the years at issue, $69,500 and $22,000 of the deposits for 2008 and 2009, respectively, found in petitioner's accounts were not gross income but rather were the proceeds of loans and gifts from third parties.

---

[8]  The purpose of these loans was to help petitioner run his business.

**[*9]** Accordingly, in view of the record and our findings herein, petitioner's gross receipts, COGS, and gross income for the years at issue are as follows:

| Year | Gross receipts | COGS | Gross income |
|------|---------------|------|--------------|
| 2008 | [1]$153,382.05 | $39,221.18 | $114,160.87 |
| 2009 | [2]350,661.22 | 92,947.70 | 257,713.52 |

[1] This figure is calculated by subtracting the loans and gifts of $69,500 for 2008 from the stipulated gross receipts of $222,882.05 for 2008. Given petitioner's lack of sophistication in legal and accounting matters, we believe that when he agreed to the stipulated gross receipts of $222,882.05 for 2008, he was unaware that the loans and gifts amounts were excludable from gross receipts. See Rule 91(e) (explaining that the Court may treat a stipulation as other than a conclusive admission).

[2] This figure is calculated by subtracting the loans and gifts of $22,000 for 2009 from the gross receipts of $372,661.22 for 2009.

Next we must determine whether--in addition to the above-mentioned concessions--petitioner is entitled to additional Schedule C deductions for the years at issue.

## II. Schedule C Deductions

Deductions are a matter of "legislative grace", and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Rule 142(a). As a general rule, section 162(a) authorizes a deduction for"all the ordinary and necessary expenses paid or incurred during the taxable

[*10] year in carrying on any trade or business". An expense is ordinary for purposes of this section if it is normal or customary within a particular trade, business, or industry. Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Section 262, in contrast, generally precludes deduction of "personal, living, or family expenses."

The breadth of section 162(a) is limited by the requirement that any amount reported as a business expense must be substantiated, and taxpayers are required to maintain records sufficient therefor. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. When a taxpayer adequately establishes that he or she paid or incurred a deductible expense but does not establish the precise amount, we may in some circumstances estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). There must, however, be sufficient evidence in the record to permit us to conclude that a deductible expense was paid or incurred. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

**[*11]** Furthermore, certain business expenses described in section 274 are subject to rules of substantiation that supersede the Cohan rule.  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Section 274(d) provides that no deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (as defined in section 280F(d)(4), which includes passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement":  (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use or date and description of the gift; (3) the business purpose of the expenditure or use; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained.  Sec. 274(d).

Petitioner argues that in addition to the above-mentioned concessions, he is entitled to additional Schedule C deductions for the years at issue.  Petitioner, however, did not maintain sufficient records and did not present sufficient evidence to substantiate the amounts and business purpose of these expenses. Accordingly, subject to adjustment to reflect respondent's concessions,

**[\*12]** respondent's determinations regarding petitioner's deductions for expenses are sustained.

III.    Conclusion

In view of the foregoing, we hold that petitioner's Schedule C income was understated for the years at issue.  The exact amounts of the understatements and the resulting deficiencies will be resolved in the parties' Rule 155 computations.

IV.    Section 6662(a) Penalty

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax and penalties.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner, however, does not have an obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6662(a) imposes a penalty in an amount equal to 20% of the portion of the underpayment of tax attributable to one or more of the items set forth in subsection (b), including negligence or disregard of rules or regulations.  The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable

**[*13]** attempt to comply with the Internal Revenue Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

Failure by a taxpayer to keep adequate records may justify imposition of the penalty for negligence. See Lysek v. Commissioner, 583 F.2d 1088, 1094 (9th Cir. 1978), aff'g T.C. Memo. 1975-293; Crocker v. Commissioner, 92 T.C. 899, 917 (1989). Failure to maintain adequate records also indicates disregard of rules or regulations that require a taxpayer to keep permanent records sufficient to establish, inter alia, the taxpayer's gross income and deductions. See Crocker v. Commissioner, 92 T.C. at 917.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with

**[\*14]** reasonable cause and in good faith depends upon all the pertinent facts and circumstances.  <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with regard to negligence. Respondent established that petitioner:  (1) did not substantiate several items properly and (2) failed to properly report some gross income.  Thus, respondent met his burden of production for the section 6662(a) penalty for the years at issue. Furthermore, petitioner offered no evidence that he acted with reasonable cause and in good faith.  Accordingly, we hold that petitioner is liable for a section 6662(a) accuracy-related penalty for each year at issue, which the parties shall compute in their Rule 155 calculations.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.